# Cole, Appellant, *v.* Philadelphia.

*Deed—Description—Boundary—Street.*

Where a deed describes land as bounded by a street which at the time is plotted but unopened, the grantee takes title in fee to the land as bounded by the street, and an easement only over the bed of the unopened street. The title to the bed of the street remains in the original holder. The grantee cannot acquire title to the bed of the street by adverse possession, as long as his privity of possession with the original holder remains unbroken.

Argued March 28, 1901. Appeal, No. 45, Jan. T., 1901, by plaintiff, from judgment of C. P. No. 1, Phila. Co., June T., 1899, No. 511, on verdict for defendant in case of James Cole v. City of Philadelphia. Before MITCHELL, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Appeal from award of jury of view. Before BRÉGY, J.

At the trial plaintiff made various offers to prove that by means of the possession of Thomas Robertson, his predecessors in title and his own possession, he had title by adverse possession to the bed of Fifty-fifth street. There was evidence that Robertson and Cole had maintained a fence along the middle line of the street from 1874 to 1898. It appeared, however, that Robertson's predecessor had taken title from the Walnut Street Land Company by a deed in which the property was described as bounded by the line of Fifty-fifth street. Plaintiff's offers were excluded. [1–3]

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were (1–3) rulings on evidence, quoting the bill of exceptions.

*Daniel C. Donoghue*, for appellant.—Plaintiff had title to the bed of the street by adverse possession : Moyer v. Rick, 2 Mona. 256 ; Shuffleton v. Nelson, 2 Sawy. 540 ; Cunningham v. Patton, 6 Pa. 355 ; Scheetz v. Fitzwater, 5 Pa. 126 ; Stroud v. Prager, 130 Pa. 401; Thompson v. Kauffelt, 110 Pa. 209; Sorkin v. Sentman, 162 Pa. 543 ; McNeely v. Langan, 22 Ohio, 32 ; Menkens v. Blumenthal, 27 M. 203 ; Weber v. Anderson,

73 Ill. 439 ; Quicksall v. Phila., 177 Pa. 301; Bellefield Ave., 2 Pa. Superior Ct. 148; Cotter v. Phila., 194 Pa. 496.

*Chester N. Farr, Jr.,* assistant city solicitor, with him *John L. Kinsey,* city solicitor, for appellee, cited : Gamble v. Phila., 162 Pa. 413 ; Whitaker v. Phœnixville, 141 Pa. 327 ; Brooklyn Street, 118 Pa. 640 ; Horton v. Davidson, 135 Pa. 186 ; Horn v. Miller, 142 Pa. 557 ; Clarke v. Dougan, 12 Pa. 87 ; Bannon v. Brandon, 34 Pa. 263 ; Cadwalader v. App, 81 Pa. 194; Martin v. Jackson, 27 Pa. 504.

OPINION BY MR. JUSTICE POTTER, May 27, 1901 :

The appellant in this case derived title by deed from Robertson in 1880. The property in question was described as bounded by the line of Fifty-fifth street, which at that time was plotted, but unopened. Under the rule of law settled in Gamble v. Phila., 162 Pa. 413, and Whitaker v. Phœnixville, 141 Pa. 327, the appellant took title in fee to the land, as bounded by the street, and an easement only, over the bed of the unopened street. This was all the title which Robertson possessed, and he could convey nothing more to appellant. The title to the bed of the street remained in the original holder, which in this case was the Walnut Street Land Company. It having made in 1860 the first conveyance calling for Fifty-fifth street as a boundary. The appellant sets up a claim of adverse possession of the bed of the street, upon the part of himself, and Robertson, his immediate predecessor in the title, for a period of more than twenty-one years, prior to the opening of the street by the city. He therefore contends that the bed of the street in question, opposite the land described in his deed, was also his property, and that it should be included in determining the value of his property, before the opening of Fifty-fifth street by the city. But appellant, and his predecessor, Robertson entered into possession by privity with the original holder, and in subservience to that title. The statute of limitations would not therefore begin to run until the existing privity was broken by some unequivocal act : Cadwalader v. App, 81 Pa. 211. There was no such act, and none amounting to an infringement of the uses to which the original owner was entitled to put the premises after the grant of the easement over the bed of the street. The

appellant took in accordance with the terms of his deed from Robertson, and cannot be heard in assertion of rights inconsistent therewith. His acceptance of the deed was inconsistent, with the claim of adverse possession. Every element for which the appellant was entitled to recover, was fairly presented to the jury for consideration. The court left it to the jury to say whether the opening of Fifty-fifth street, under all the circumstances, decreased the value of the appellant's property. They found that it did not. The assignments of error are dismissed.

Judgment affirmed.