## Truman *v.* Raybuck, Appellant.

*Adverse possession—Title—Evidence.*

Title by adverse possession for the statutory period cannot be established where it appears that the claimant procured the holder of the legal title to execute during the statutory period a number of general warranty deeds for small lots or pieces of the land in controversy, and that he unsuccessfully negotiated with the holder of the legal title to secure its transfer to himself; and this is the case although the land was assessed in the name of the claimant who paid the taxes thereon, and although part of the purchase money for the lots sold was paid to him.

*Contract—Evidence—Sale of real estate—Parent and child.*

A parol agreement by a father to sell real estate to his daughter cannot be established by loose and conflicting declarations by the father that, in consideration of his life maintenance by the daughter, he had given her the property, or intended to give it to her, where there is no evidence that the parties, when face to face, had entered into such a contract, or that the father had agreed to convey the property to the daughter, and that the daughter had entered into possession of the property in pursuance of the contract; and this is especially so where it appears that the daughter after the date of the alleged contract entered into futile negotiations to secure title from her father to herself.

Argued Oct. 15, 1903. Appeal, No. 48, Oct. T., 1903, by defendant, from judgment of C. P. Jefferson Co., Aug. T., 1902,

No. 129, on verdict for plaintiff in case of William Truman v. S. F. Raybuck and Mary Raybuck. Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Ejectment for land in Eldred township. Before REED, P. J.
The facts are stated in the opinion of the Supreme Court.
The court gave binding instructions for plaintiff.
Verdict and judgment for plaintiff. Defendant appealed.

*Error assigned* was in giving binding instructions for plaintiff.

*Alexander White* and *George A. Jenks*, with them *J. M. White* and *Charles Corbett*, for appellants.—The case of Bidwell et al. v. Evans et al., 156 Pa. 30, rules the present case.

*Cadmus Z. Gordon*, with him *William T. Darr*, *E. Heath Clark*, *George W. Means*, and *B. M. Clark*, for appellee, cited on the question of adverse possession : Ingersoll v. Lewis, 11 Pa. 212 ; Sailor v. Hertzogg, 2 Pa. 182 ; Criswell v. Altemus, 7 Watts, 565.

Cited on the question of contract between parent and child : Poorman v. Kilgore, 26 Pa. 365 ; Bash v. Bash, 9 Pa. 260 ; Ackerman v. Fisher, 57 Pa. 457 ; Derr v. Ackerman, 182 Pa. 591.

OPINION BY MR. JUSTICE MESTREZAT, January 4, 1904 :

The learned judge was clearly right in withdrawing the case from the jury and directing a verdict for the plaintiff. The action was ejectment and the common source of title was admitted to be in David Brocius, the father of George and Eli Brocius. By deed dated December 29, 1866, David and his wife conveyed to Eli the premises in dispute in consideration of the payment of $150 and the maintenance of David and his wife " during their joint lives and the life of the survivor " of them. By an " indenture of confirmation and release," dated November 16, 1878, in consideration of $1,000, the former conveyance between said parties was ratified and confirmed and the grantee was released from the consideration therein named. The receipt of $1,000, the consideration named in the second

indenture, was acknowledged by David Brocius on the deed. Eli Brocius and wife, for the consideration of $1,500, conveyed the land to William Truman, the plaintiff, by deed dated December 7, 1901. George Brocius, on April 9, 1902, executed and delivered to William Truman a quitclaim deed for the premises in dispute. All these deeds were duly recorded in the recorder's office of Jefferson county.

To defeat the title placed in the plaintiff by these conveyances, the defendants now allege that George Brocius went into actual possession of the land in dispute in 1869 or 1870 and continued in possession and to occupy and hold it as his own and adversely to all claimants until shortly after 1896 when, by parol, he sold it to the defendants in consideration of their keeping, and providing for, him during his life, which, it is alleged, they did. As the learned trial judge very properly observed, however, there was not a scintilla of evidence on which he could submit the question of adverse possession to the jury. During the time George occupied the premises and from 1875 to 1898, at least fourteen small lots or pieces of this land were sold and general warranty deeds were made to the various purchasers for the same by Eli Brocius. These sales were made and the deeds were executed and delivered by Eli with the knowledge, and at the request, of George. This was such a clear and continuous recognition of Eli's title to the land during its possession by George as to remove all doubt that the latter's occupancy of it was subservient to Eli's title. If his possession was intended to be hostile and adverse to other claimants, this act was lowering of the hostile flag by George every time a deed was made, as well as an unequivocal acknowledgment by him of the title to the premises in Eli Brocius. In addition to this admission of title in Eli by George, we have a further and equally decisive recognition of Eli's title when George attempted to obtain the title from Eli in the spring of 1900. George and the Raybucks, however, could not agree on the form of a conveyance to them and that terminated the negotiations between the brothers. But the consideration to be paid to Eli, however, was agreed to by all parties, which was to be $1,500. A deed with that consideration named therein was prepared, but a disagreement between the parties brought the negotiations to an end and the deed was not executed.

We do not overlook the facts urged on behalf of defendants, that the land was assessed to George, that he paid the taxes, and that part of the purchase money for the lots sold was paid to him. But these facts, in the face of other undisputed facts, showing an unequivocal recognition of Eli's title to the premises, are wholly insufficient to submit to a jury on the question of adverse possession. In the light of other evidence in the case, the plaintiff was not required to explain these acts of apparent ownership. There was probably a secret agreement, at least an understanding, between the brothers, which, if disclosed, would explain their relations to the land in dispute. It is apparent, we think, that George was improvident and that it was Eli's intention and desire to make provision for his support during life. This would harmonize with the conduct of both parties and the fact that Eli had the title to the premises in dispute.

The proof to support the alleged parol agreement for the sale of the premises by George Brocius to the defendants was not sufficient. The most that can be said for the evidence offered for the purpose is, as stated by the trial judge, that it showed loose and conflicting declarations by George that, in consideration of his life maintenance by her, he had given the property to his daughter, one of the defendants, or intended to give it to her. There were no witnesses, however, who testified that the parties, when face to face, had entered into a contract for the sale and purchase of the property, or that George had agreed with the defendants to convey the property to them and that they had entered into possession of the premises in pursuance of such a contract. That no agreement of that character had been made by the parties is conclusively shown by the futile negotiations which took place between the parties in 1900 for the purpose of having the title conveyed to the defendants. If, as alleged by the defendants, they had already purchased the land by a valid parol contract, there would have been no necessity for these negotiations. If they merely desired a deed from George Brocius, they could have compelled its execution and delivery. But from what occurred pending these negotiations it clearly appears that there was no existing contract between George and the defendants, but that one should then be made and a deed be executed and delivered by Eli

Brocius conveying the land to the parties in conformity with the provisions of that contract.

The assignments of error are overruled and the judgment is affirmed.