## Sechrist, Appellant, *v.* Dallastown Borough.

*Road law—Private lane—Dedication—Fence—Evidence.*

1. When a farmer maintains upon his own land a lane fenced on both sides leading from a highway back to his farm buildings, for the convenience of himself, his family, tenants, and all persons who may lawfully visit him, no intention to dedicate such lane to the public as a highway, can be inferred either from the existence of the lane or the fact that the owner had not maintained a gate or bars across it.

2. When an easement or other right is not expressed in the grant, and is sought to be implied as attached to the grant of the fee in other lands, the same must clearly appear to be the intention of the parties as shown by the terms of the grant, the surroundings of the property, and the other res gestæ of the transaction. Such an intention cannot be inferred as to a private right of way on other land of the grantor not referred to in the deed, not abutting upon the property conveyed, and not essential to the enjoyment of such property, as "a way of necessity."

Argued March 16, 1910. Appeal, No. 8, March T., 1910, by plaintiff, from judgment of C. P. York Co., Oct. T., 1908, No. 28, on verdict for defendant in case of Jacob H. Sechrist v. Dallastown Borough. Before RICE, P. J., HENDERSON, ORLADY, HEAD, BEAVER and PORTER, JJ. Reversed.

Appeal from an award of a jury of view. Refore BITTINGER, P. J.

The facts are stated in the opinion of the Superior Court.

At the trial the court gave binding instructions for defendant.

Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* was in giving binding instructions for defendant.

*John A. Hoober,* with him *Lee S. Fake,* for appellant.—When the appellant opened the lane in question from his

farm buildings, over his land, to the public road, having but the one outlet, he decisively indicated that the lane was not a thoroughfare: Gowen v. Philadelphia Exchange Co., 5 W. & S. 141.

Where a street called for as a boundary is not a public street and not dedicated to public use, then the grantee acquires simply a right of way over the property or street: Spackman v. Steidel, 88 Pa. 453; Whitaker v. Borough, 141 Pa. 327; Gamble v. Philadelphia, 162 Pa. 413; Cole v. Philadelphia, 199 Pa. 464; Fitzell v. Philadelphia, 211 Pa. 1.

The intention to dedicate must be clearly manifested before the owner can be deprived of his property on that ground: Bellefield Avenue, 2 Pa. Superior Ct. 148.

*M. S. Niles* and *Henry C. Niles*, with them *K. W. Alt-land*, for appellee.

OPINION BY PORTER, J., March 3, 1911:

The plaintiff having appealed from the report of viewers, appointed to assess damages for the opening of an alley by the defendant borough, the court, at the trial, peremptorily instructed the jury to find a verdict in favor of the defendant. The point submitted by counsel for the borough does not specifically disclose the grounds upon which this instruction was based, but the reason is thus broadly stated, "the plaintiff has not shown any facts legally entitling him to recover damages from the Borough of Dallastown." We gather from the remarks of the court, as printed in the record, that the ruling must have been based on either one of two grounds, viz.: that the plaintiff had dedicated the land taken to public use, or that he had by deed parted with his title before the borough opened the alley. We must, therefore, consider the bearing of the facts disclosed by the evidence upon both of these questions.

There can be no doubt that the plaintiff did at one time have title to the land over which the alley was lo-

cated. The land was part of a farm, of considerable size, to which the plaintiff had acquired title in 1880, by deed from John Miller. This farm abutted directly upon the turnpike road, now called Main street. The farm buildings stood back a considerable distance from the road and for the purpose of convenient access to them a lane was maintained along one side of the farm, wholly upon the land to which plaintiff acquired title, extending back in a northeasterly direction, from Main street to the farm buildings; this lane being fenced on each side. The plaintiff some time later sold and conveyed to other parties the southern portion of the land, retaining title to the strip of land covered by the lane and about sixty acres of the northwestern portion of the farm upon which the buildings were located. There is no evidence in this case which would warrant the court in holding, or from which a jury should be permitted to infer, that the plaintiff had made a plan dividing the property which he thus sold into lots and streets, or that any of the deeds which he then made called for the lane in question either as a public or private street or road, or that the grantees of that portion of the land acquired any title to or right in the land covered by the lane. The lane remained fenced on both sides and continued to be used as a means of access to the farm buildings. There was for many years a gate maintained across this lane, at a point some distance north from Main street, and between that street and the point at which a new highway called West Maple street, subsequently opened by the borough, crossed the lane. The only fact from which there could be any pretense of a reason to infer the intention, upon the part of the plaintiff, to dedicate this lane to public use as a highway is that he thus maintained the lane, upon his own land, as a means of access to his own buildings, from Main street. Dedication is a question of intention, and intention, it is true, may be inferred from circumstances, but the circumstances to warrant it must be proved. The learned judge of the court below and counsel represent-

ing the borough were disposed to give undue weight to the fact that for some years in the recent past the plaintiff had not maintained the gate across this lane, as had been done during an earlier period. When a farmer maintains, upon his own land, a lane leading from a highway back to his farm buildings, for the convenience of himself, his family, tenants, and all persons who may lawfully visit him, his purpose and intention are so self-evident that it is not necessary for him to take absurd precautions to guard against an implication of an intention to dedicate the strip of land, which he thus uses for his own convenience, to the public as a highway. No such implication can be founded upon such facts, and an owner is not required to maintain gates or bars across his own private lane. The evidence presented in the court below was not sufficient to warrant a finding that this plaintiff had dedicated this lane to public use.

Did the evidence warrant the conclusion, as matter of law, that the plaintiff parted with his title to this strip of land? The only evidence relied upon in the court below, or of which there is any indication in the record, was that contained in a deed, dated April 3, 1905, executed and delivered by the plaintiff to Abram L. McClellan. This deed did not include the strip of land in question. The borough had, some time previous to the execution of this conveyance, ordained and opened a new street, called West Maple street, parallel to Main street. This street crossed the piece of land occupied by the lane in question and separated that part of it between West Maple street and Main street from the other part of plaintiff's land. The only land which plaintiff then owned south of West Maple street was the strip covered by the fragment of the lane between Main street and West Maple street, but he then owned, also, the tract of land containing about sixty acres and abutting on the north side of West Maple street. This was the condition when, in April, 1905, the plaintiff executed the deed to McClellan conveying, by metes and bounds, the tract of land abutting on the north

side of Maple street. That deed did not include, in its description of the land conveyed, the strip on which the lane had been located between Main street and West Maple street or any other land south of the street last named. This deed did not call for the lane in question, nor did it directly refer to it in any manner. It is contended, however, on behalf of the appellee that a right of way over this strip of ground passed to the grantee in this deed as an appurtenance of the land conveyed. When an easement or other right is not expressed and is sought to be implied as attached to the grant of the fee in other lands, the same must clearly appear to be the intention of the parties as shown by the terms of the grant, the surroundings of the property and the other res gestæ of the transaction: Fitzell v. Philadelphia, 211 Pa. 1. Whether McClellan did acquire a right of way, appurtenant to the tract which he took under the grant, was to be determined by ascertaining the intent of the parties, as expressed in the descriptive parts of the deed, explained and illustrated by all the other parts of the conveyance, and by the locality and subject-matter to which the grant applied: Cox v. Freedley, 33 Pa. 124; Scholl v. Emerich, 36 Pa. Superior Ct. 404. The lane had been essential to the use of the tract of land, in order to obtain access to Main street at the time the plaintiff had parted with the title to his other land abutting on Main street. The opening of Maple street, by the borough, entirely changed the situation, and the tract of land to which McClellan subsequently acquired title directly abutted upon a public street. The land conveyed to McClellan did not abut upon the lane, nor was the lane essential to the enjoyment of his property as "a way of necessity." The rights of the parties and the construction to be given the grant must be determined from the conditions existing at the time of the conveyance, and the circumstances under which it was made. The land to which McClellan acquired title abutted directly upon the public highway, it was by that highway separated from the strip of land

over which the lane had been located, there was nothing in the evidence which tended to indicate that the use of this strip of ground as a way was essential to the full enjoyment of the land which he took under his deed, and there is no ground for holding that he acquired title to a right of way over the property in question: Francies's Appeal, 96 Pa. 200. Even if McClellan had, under his deed, acquired a right of way over this strip of ground, between Main street and West Maple street, the fee still remained in the plaintiff and he would have been entitled to have the case go to the jury, and the fact that the land was subject to the right of way in McClellan would have gone only to the amount of the damages: Gamble v. Philadelphia, 162 Pa. 413; Cole v. Philadelphia, 199 Pa. 464. The assignments or error are sustained.

The judgment is reversed and a venire facias de novo awarded.