Crowe *v.* O'Hagan, Appellant.

Argued April 22, 1954. Before Rhodes, P. J., Hirt, Ross, Gunther, Wright, Woodside and Ervin, JJ.

*Emanuel Goldberg,* for appellants.

*J. Vincent Burke, Jr.,* with him *Campbell, Houck & Thomas,* for appellee.

OPINION BY GUNTHER, J., July 13, 1954:

This appeal is from a refusal of exceptions filed to a decree in equity after the chancellor adjudicated the question of a right to an easement. Margaret Crowe, plaintiff, in her bill prayed to have defendants, Martin O'Hagan, Jr., and Clara K. O'Hagan, restrained from interfering with her use of a roadway across their property. Plaintiff's right to the easement is based upon three points: (1) Conveyances expressly containing reservations of the easement in question. (2) Clauses reciting the reservations in two mortgages given by the defendants. (3) Acknowledgment by one of the defendants that the easement did exist.

Findings in the case are as follows: "(1) On June 16, 1930, Joseph A. Burns and Arnold A. Anderson owned a certain tract of land situate in Richland Township, Allegheny County, Pennsylvania. (2) On June 16, 1930, Joseph A. Burns et ux. and Arnold A. Anderson et ux. conveyed by deed the northerly one-half (½) of the aforesaid tract of land to Defendants. This

deed is recorded in the Office of the Recorder of Deeds of Allegheny County, Pennsylvania, in Deed Book Volume 2420 at Page 742. It contains the following reservation: 'Subject to a Twenty (20) foot easement across the width of this lot the West line of which is parallel and distance Three Hundred Ten and ninety-five hundredths (310.95) feet East of the Westerly line of this lot. Said easement being granted to the parties of the first part, their heirs and assigns.' (3) On December 17, 1930, Joseph A. Burns, et ux., et al., conveyed by deed the southerly one-half (½) of the aforesaid tract of land to Francis W. Crowe et ux. This deed is recorded in the Office of the Recorder of Deeds of Allegheny County, Pennsylvania, in Deed Book Volume 2448 at Page 78. It contains the following grant: 'Together with the right to a twenty foot easement for roadway purposes leading from the North line of this lot to the fifty foot easement given in Deed of property made by the Potter Title and Trust Company, Executor of Estate of Kate R. Smith, to Joseph A. Burns and Arnold A. Anderson and dated March 11, 1929, the west line of said easement being parallel and distance Three hundred ten and Ninety-five Hundredths (310.95) feet east of the center line of said public road.' (4) On January 28, 1937, Francis W. Crowe et ux. conveyed by deed to Plaintiff, their daughter, the property, together with the right to the twenty (20) feet easement for roadway purposes, referred to in paragraph (3) above. This deed is recorded in the Office of the Recorder of Deeds of Allegheny County, Pennsylvania, in Deed Book Volume 2554 at. Page 330. (5) On July 27, 1941, Defendants placed a mortgage on their property in favor of the Home Mutual Building and Loan Association of Allegheny City, said mortgage being recorded in the aforesaid Office of the Recorder of Deeds in Mortgage Book Volume 2539 at

Page 614. This mortgage contains the following recital: 'Subject to a twenty (20) foot easement across the width of this lot, the west line of which is parallel and distant three hundred ten and ninety-five hundredths (310.95) feet East of the westerly line of this lot.' (6) On October 17, 1945, Defendants conveyed by deed approximately the easterly one-half (½) of the property referred to in paragraph (2) above to John H. Dallos et ux. (7) On October 14, 1946, Defendants placed a mortgage in favor of the Home Mutual Savings and Loan Association on that portion of their property which they retained, said mortgage being recorded in the aforesaid Office of the Recorder of Deeds in Mortgage Book Volume 2811 at Page 668. This mortgage contained the same recital in regard to the property being subject to a twenty (20) foot easement as did the mortgage referred to in paragraph (5) above."

Defendants filed an answer denying the easement. In new matter, they aver that if an easement had existed, its validity was subsequently extinguished by defendants' adverse possession for a period of over twenty-one years. The court, after hearing, in its adjudication granted the relief sought by plaintiff, holding that the statute of limitation of twenty-one years creating title by adverse possession was tolled on October 14, 1946, the date of the second mortgage made by defendants.

The main question before us is whether the chancellor was right in his conclusion. Did the recitals in the mortgages affect the title held by adverse possession? In Pennsylvania, in order to claim title by adverse possession, the possession must be adverse, open, notorious and hostile. All four elements are necessary to create a title by adverse possession. The recitals in the mortgages and the acknowledgment of one

of the defendants are inconsistent with the element of hostility to support defendants' position. These recitals were an open acknowledgment of the right of the plaintiff. They constituted a definite breaking point in the required continuity of adverse possession. See *Truman v. Raybuck,* 207 Pa. 357, 56 A. 944, also *Sailor v. Hertzogg,* 2 Pa. 182. The defendants upon their acceptance of the conveyance from Joseph A. Burns, knew or should have known that their property was subject to the easement. The acceptance of the deed was an admission that the reservation was created in favor of the grantors which was later conveyed to the plaintiff. The mortgagee, it is true, had a lien upon the property but in case of foreclosure, the title would be subject to the easement as recited in the mortgage.

The other point that upholds plaintiff's position is Mr. O'Hagan's admission to Messrs. Dallos and Kohser that an easement existed upon the property. The chancellor found this to be fact. Recognition or acknowledgment of title in one against whom the adverse possession is claimed destroys the elements "adverse and hostile". Defendants' argument that plaintiff failed to open the easement prior to 1952 and therefore weakened her position is without merit. An easement cannot be lost by non-user alone. *Andrien v. Heffernan,* 299 Pa. 284, 149 A. 184.

There is one other question raised by the defendants and that is the question of jurisdiction of the court of equity in this case. We agree with the chancellor that a bill of complaint in equity can be maintained under our appellate courts' decision, where under the same circumstances a judge in a trial at law would not submit the question of title to the jury. In the instant case the plaintiff established a clear record title to the easement. The chancellor was correct in his conclu-

sion of law and the refusal of the exceptions was in order.

Decree is affirmed.