518 A.2d 838

**PISTNER BROTHERS, INC. and Henrietta Buerk, Appellants,**

v.

**Ali A. AGHELI and Rebecca A. Agheli.**

Superior Court of Pennsylvania.

Argued Sept. 11, 1986.

Filed Dec. 1, 1986.

178

Thomas G. Wagner, St. Marys, for appellants.

David A. Whitney, Ridway, for appellees.

Before BROSKY, ROWLEY and POPOVICH, JJ.

BROSKY, Judge:

This is an appeal from the judgment of the trial court giving title to approximately one-half of the disputed property to appellees.

Two issues have been presented for our consideration: (1) whether an owner of a lot in a subdivision may acquire adverse possession of an abutting, undedicated street in the subdivision by planting grass on the street and improving and maintaining a driveway within the bed of the street; and (2) whether the statute of limitations tolled when the adverse possessor made an offer to buy the property from the true owner.

The trial court determined that the township failed to accept the dedication of the disputed strip and that it could therefore be acquired by adverse possession. We agree with this finding. However, the trial court further ruled that the appellees' acts satisfied the requirements of adverse possession. On this later determination we reverse. Appellees' conduct does not entitle them to legal title.

The disputed land was originally part of the Henry Ruehl Subdivision and was identified as Anne Street, on a 1952 plan recorded in the Office of the Recorder of Deeds of Elk County. Lot No. 32, immediately south of Anne Street, was purchased from Henry Ruehl by John Green, appellees' predecessor in 1956. Beginning in May of that year, Mr. Green began building his home and used Anne Street as an access to his lot and a parking area for his car. Between 1956 and 1967 Mr. Green began making improvements to the bed of Anne Street. This included planting grass, placing cinders and bricks on the surface to create a driveway and to facilitate travel, as well as parking his vehicles on the cindered roadway. At all times, Mr. Green knew that the disputed area had been laid out as a street. In 1967, he offered to purchase this parcel from the Henry Ruehl Estate. Instead, it was sold to appellants. After building a carport in 1968, Mr. Green used the strip less often for parking his cars but continued to use the cindered driveway. This driveway was also used by appellee's neigh-

bors, the Emmerts, and their visitors. The testimony revealed that Mr. Emmert removed snow from this portion with Mr. Green's permission. There is conflicting testimony as to whether the public in general traveled on this area.

In July 1980, Mr. Green filed a notice of adverse claim to the strip and soon after began paying property taxes on it. Mr. Green's tenants used the bed of Anne Street in a similar manner until 1983 when the house and his claim to the street were sold to appellees. In 1984, appellants sought to install a sewer line in this parcel. Appellees objected, claiming ownership of the property. This suit was filed by appellants to determine title.

The trial court determined that appellees established a claim of adverse possession to that portion of Anne Street comprising appellees' lawn and the part of the driveway that extended northerly from the cindered roadway to the carport. This consisted of roughly one-half of the disputed area.

It is settled law in Pennsylvania that when an owner of land subdivides his property into lots for sale and lays out streets, he has dedicated those streets to public use. *Rahn v. Hess*, 378 Pa. 264, 268-69, 106 A.2d 461, 463-64 (1954). Once the property abutting a platted but unopened street is purchased, the landowner acquires an easement over the surface of the unopened street. *Cole v. Philadelphia*, 199 Pa. 464, 465, 49 A. 308 (1901). However, a twenty-one year time limit on the public's right to accept the dedication offer has been imposed under the Act of May 9, 1889, 36 P.S. § 1961. After the expiration of this statutory period, the public's right to accept lapses. *Rahn*, 378 Pa. at 268-69, 106 A.2d at 463-64. Private easements in the street remain unaffected by the termination of the public's rights, *supra.* In *Hogan v. Burneson*, 44 Pa.Super. 409, 413 (1910), this Court determined that a public street is one that is dedicated and accepted by the public.

There is no question that Anne Street was dedicated to the public use but was not accepted within the twenty-one year period beginning in 1952. As a result, the public's

right to accept the dedication was foreclosed. Therefore, the disputed strip could be subject to a claim of adverse possession.

The requirements that must be satisfied to set forth a claim of adverse possession are clear. In *Conneaut Lake Park, Inc. v. Klingensmith*, 362 Pa. 592, 594–95, 66 A.2d 828, 829 (1949), our Supreme Court of Pennsylvania stated:

> [O]ne who claims title by adverse possession must prove that he had actual, continuous, exclusive, visible, notorious, distinct and hostile possession of the land for twenty-one years (citations omitted). Each of these elements must exist, otherwise the possession will not confer title (citations omitted).

In addition, the adverse possessor must intend to hold the land for himself, and this intention must be manifested by his acts. *Kaminski Brothers, Inc. v. Grassi*, 237 Pa.Super. 478, 480, 352 A.2d 80, 81 (1975). The burden of proving title by adverse possession is borne by the one asserting the claim. *Conneaut Lake, supra* 362 Pa. at 594–95, 66 A.2d at 829.

In order for a claim of adverse possession of an unopened street to lie, there must be an unequivocal act which breaks the existing privity between the buyer and the developer. *Cole, supra*, 199 Pa. at 465, 49 A. at 308. In other words, the claimant must have infringed upon the uses to which the original owner was entitled to put the property after the grant of the easement over the street bed. *Cole, Id.* This has not been satisfied. The facts indicate that beginning in 1956, appellees' predecessor Mr. Green, began making improvements to the surface of Anne Street. In *Brodt v. Brown*, 404 Pa. 391, 394, 172 A.2d 152, 154 (1961), the Supreme Court held that leveling and black-topping were not inconsistent with the use of a strip as a street. In the present case, the improvements are indistinguishable. It cannot be said that the purpose for placing cinders and bricks on a roadway is any different from blacktopping. Both are to facilitate travel. Appellees' other uses of the premises are not unequivocal acts of infringe-

ment.  As appellee asserts, it is a matter of custom and common sense that property owners abutting a street will maintain the land to the edge of the roadway constructed within the street.  The property owner will construct a driveway extending into the street.  The maintenance of the lawn or driveway is consistent with the rights and expectations of the parties.  As such, it is not an interference with the use of Anne Street.  Others were still able to use Anne Street for its intended purpose.  Furthermore, it is not contested that the Emmerts and their visitors used the driveway.  Appellees have not demonstrated that these acts interferred with the use of the street.

It has been stated that an adverse possessor must "keep his flag flying and present a hostile front to all adverse pretentions." *Commonwealth v. Bierly*, 37 Pa.Super. 496, 504 (1908).  Therefore, only acts which signify a permanent occupation of the strip at issue for the requisite time period will confer title by adverse possession. *Smith v. Peterman*, 263 Pa.Super. 155, 161, 397 A.2d 793, 796 (1978).  An offer to buy the property from the true owner runs afoul of these principles.  It has been determined that a "recognition or acknowledgement of title in one against whom the adverse possession is claimed destroys the elements of 'adverse and hostile'," *Crowe v. O'Hagan*, 176 Pa.Super. 271, 275, 106 A.2d 872, 874 (1954), (Recital in mortgage eleven years after purchasing the property and acknowledging plaintiff's right in property constituted definite breaking point in required continuity of defendant's adverse possession), *Truman v. Raybuck*, 207 Pa. 357, 56 A. 944 (1904).  (Attempt to obtain title, as well as an admission of subservience of right to title, all of which took place prior to the running of the twenty-one year period, eliminated the "hostile" requirement for adverse possession.)  Mr. Green's offer to purchase the property in 1967 from the Ruehl's Estate, constituted an unequivocal recognition that his title was subservient.  It also evidenced an acknowledgement that title to the premises remained in the true owners.  The law is satisfied only upon a showing that

there has been an open and explicit disavowal and disclaimer of holding under another's title and the assertion of title in oneself which has been brought home to the other party. *Sayre Land Co. v. Borough of Sayre*, 384 Pa. 534, 121 A.2d 579, 582 (1956). The lowering of the hostile flag broke the required continuity of adverse possession. Since 1967, only seventeen years have elapsed until this lawsuit was filed. The adverse claim therefore fails.

Accordingly, we reverse the judgment of the trial court.

Judgment reversed. Jurisdiction relinquished.