## Brodt *v.* Brown, Appellant.

Argued April 25, 1961. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and EAGEN, JJ.

reargument refused July 18, 1961.

*Everett Kent,* with him *Walter L. Sandercock,* for appellants.

*Edward J. Fox, Jr.,* with him *Fox and Oldt,* for appellees.

OPINION BY MR. JUSTICE EAGEN, June 26, 1961:

This is an appeal from a decree of the court below sitting in equity, enjoining the defendants from interfering with the plaintiffs' free and uninterrupted use of an unopened, undedicated street, situated between properties of the parties litigant.

Each and every legal question raised by this appeal, with the exception of two, have been adequately dis-

cussed and correctly answered in the adjudication of Judge BARTHOLD in the court below and need no further amplification herein. We shall restrict our discussion to those questions unanswered in the lower court's opinion.

It is urged that the plaintiffs are estopped from asserting the right claimed because of laches and inequitable conduct. Titles to all of the land involved in this action stem from a common grantor. In the year 1883, the tract, then farm land, was laid out in lots, streets and alleys. The street in question appears on the recorded map of the tract as planned by the common grantor, and also appears on the borough map, wherein it is situated, dated 1934 and revised to May, 1950. While the street was never accepted for public use by the borough, the private right, or easement to use the street, acquired by the plaintiffs and their predecessors in title, was not affected by the failure of the municipality to act upon the dedication. See, *Cohen v. Simpson Real Estate Corp.*, 385 Pa. 352, 123 A. 2d 715 (1956); *O'Donnell v. Pittsburgh*, 234 Pa. 401, 83 Atl. 314 (1912); *Clad v. Paist*, 181 Pa. 148, 37 Atl. 194 (1897); as well as other cases cited by the lower court.

For several years, the plaintiffs used the plotted street as an entrance to the rear of their property, without objection from anyone. In the year 1947, the defendants attempted to exercise complete dominion over the land, and notified the plaintiffs, for the first time, that they were not to use it. This action in equity was instituted on April 26, 1954. Does this delay bar equitable relief? Under the circumstances, we conclude not.

Laches has been defined as neglect for an unreasonable and unexplained time under circumstances permitting diligence to do what in law should have been done. 13 P.L.E., Equity, §41 (1959). However, the operation of the doctrine does not depend solely upon the passing of time: *Pa. State Bd. of Med. Ed., etc., v.*

*Schireson,* 360 Pa. 129, 61 A. 2d 343 (1948). Laches will not be imputed where no injury has resulted to the other party by reason of the delay: *Joseph Melnick B. & L. v. Melnick,* 361 Pa. 328, 64 A. 2d 773 (1949). In the absence of prejudice to the one asserting laches, the doctrine will not be applied: *Schireson v. Shafer,* 354 Pa. 458, 47 A. 2d 665 (1946). The evidence herein fails to disclose any prejudice to the defendants by reason of the delay on the part of the plaintiffs in seeking legal relief. The improvements made to the specific land by the defendants were effected during a time when plaintiffs were absent from the property, and completed before they were notified that the defendants considered the land their exclusive domain. Further, as the chancellor pointedly observed, the improvements, consisting of leveling and blacktopping, made by the defendants were not such as to be inconsistent with the use of the strip as a street.

The defendants further maintain that since the plaintiffs' right to an easement over the land is in serious dispute, it must first be established at law before an injunction in equity may issue. It is true that where the asserting party's legal right to the easement is not clear, or is in substantial dispute, equity lacks jurisdiction to determine the issue: *Ohringer Home Furn. v. Hollingsworth,* 375 Pa. 285, 100 A. 2d 62 (1953); *Klavon v. Tindall,* 180 Pa. Superior Ct. 408, 119 A. 2d 554 (1956). However, this is not so where the right to the easement is established by a clear record title, (*Crowe v. O'Hagan,* 176 Pa. Superior Ct. 271, 106 A. 2d 872 (1954); *Piro v. Shipley,* 211 Pa. 36, 60 Atl. 325 (1905)). Where a lot of land is conveyed and the deed makes reference to a plan upon which the lot is laid out which, in turn, calls for a certain street thereon, this constitutes a dedication of the use of the street to the enjoyment of the purchaser as a public way though not yet opened and the map or plan becomes a material

and essential part of the conveyance and has the same effect as if incorporated therein. The right of the purchaser, in such an instance, will be protected in equity: *Ferguson's Appeal,* 117 Pa. 426, 11 Atl. 885 (1888). See also, *Holmes v. Longwill,* 89 Pa. Superior Ct. 1 (1926).

The decree of the lower court is affirmed. Each side to pay their own costs.

Mr. Justice COHEN dissents.