■ CATHERINE A. STUPNICKI et al., Respondents, v. SOUTHERN NEW YORK FISH & GAME ASSOCIATION, INC., Appellant.— Judgment affirmed, without costs, on the opinion of BOOKSTEIN, J. (41 Misc 2d 266). Gibson, Herlihy and Taylor, JJ., concur; Coon, J. P., not voting.

■ SAMMY COSIMO, JR., et al., Respondents, v. FRED HOLLENBECK, Appellant.— Appeal by defendant from an order of the Supreme Court, Special Term, denying his motion for summary judgment dismissing the complaint pursuant to rule 113 of the Rules of Civil Practice. These actions in negligence combined in a single pleading stem from a collision between a motor vehicle owned by plaintiff husband and operated by his wife and a farm tractor owned by defendant and operated by one Stavridis, an occasional part-time employee, which occurred in the evening of December 18, 1959 on a public highway in Cortland County. Stavridis was killed in the accident. The applicability of the rebuttable presumption under former section 59 of the Vehicle and Traffic Law (*St. Andrassy* v. *Mooney,* 262 N. Y. 368, 371) as a basis for imposing derivative liability for any negligence attributable to the driver, dependent in this case upon the use to which the tractor had been put (Vehicle and Traffic Law, § 2, subd. 1 [now contained in § 125]), presents a question of fact which precludes summary judgment. (*Werfel* v. *Zivnostenska Banka,* 287 N. Y. 91, 93.) Moreover, the facts on the issue of user are solely within the knowledge of defendant. (*De France* v. *Oestrike,* 8 A D 2d 735.) Defendant's statement that he had granted permission to Stavridis to use the vehicle only for the purpose of towing a disabled automobile from a ditch near his home — the accident happened about 9:00 P.M. a few miles from the ditch site — although uncontradicted presents a question of credibility and cannot be deemed to rebut as a matter of law the presumption created by the statute. (*Piwowarski* v. *Cornwell,* 273 N. Y. 226, 228–229; *Leotta* v. *Plessinger,* 8 N Y 2d 449, 461.) Special Term correctly denied the motion. Order unanimously affirmed, with $10 costs. Present — Bergan, P. J., Gibson, Herlihy, Reynolds and Taylor, JJ.

■ HEDWIG GROSSMAN, Appellant, v. PRECISION CASTINGS COMPANY, INC., et al., Respondents.— Judgment affirmed, without costs, on the opinion of ZELLER, J., at Special Term (36 Misc 2d 561). Bergan, P. J., Gibson, Reynolds and Taylor, JJ., concur.