Vogel *v.* Haas, Appellants.

Submitted April 18, 1974. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Allen E. Ertel, P. C.* and *Ertel & Kieser,* for appellants.

*Clinton W. Smith,* and *Stuart, Murphy, Hager & Smith,* for appellees.

OPINION BY MR. JUSTICE EAGEN, July 1, 1974:

This is an action in equity instituted by Paul H. Vogel, Jr., and Connie E. Vogel, his wife, and William A. Paul and Amelia J. Paul, his wife, against a group of individuals who, like the plaintiffs, are the owners of land in a residential development located in Loyalsock Township, Lycoming County, known as "Highland Farms." The controlling facts were stipulated by the parties in the trial court and may be summarized as follows.

The plan of Highland Farms was recorded in the recorder of deeds office of Lycoming County on December 8, 1927, by the then owners of the tract, Montague A. Percy and his wife, Edna M. Percy. A certain 50

foot wide area included within the development was set apart on this recorded plan by dotted lines and was marked "Reserved For Future Street." This 50 foot wide area runs east and west and is approximately parallel to Orchard Avenue which lies to its north. It also lies parallel to Spring Garden Mills Road (now Four Mile Drive) which lies to its south. All lots included in the plan of Highland Farms run from Orchard Avenue southward to Spring Garden Mills Road and cut across the area reserved for the future street.

The street has never been open for public use; nor, has it ever been accepted as such by any public authority. However, each deed conveying title to purchasers of land from the subdivision was described by the lot number corresponding to that on the 1927 recorded plan, and each deed also included a specific reference to the 1927 recorded plan which, as noted before, contained the 50 foot wide reservation for a future street.

In recent years, the plaintiffs Vogel and the plaintiffs Paul attempted to open two separate parts of the street leading from their land to nearby streets which are open and in use. The defendants named in the action objected and obstructed such efforts. As a result, the plaintiffs filed a complaint in equity seeking to enjoin this interference.

The chancellor entered a decree nisi which was later made final by a court en banc restraining the defendants from interfering with the Vogels, or their heirs and assigns, and from opening and using that portion of the street leading to the Vogel property from other opened streets. The decree ruled against the claim of the plaintiffs Paul on the ground that any rights these plaintiffs had in the street were lost through adverse possession of that portion of the street leading to their property.[1] Some of the defendants in the trial court filed the in-

---

[1] The Pauls have not appealed.

stant appeal challenging the trial court's ruling in favor of the plaintiffs Vogel.

The sole issue posed by the appeal is whether the trial court correctly ruled the Vogels acquired an easement over the 50 foot wide area designated "Reserved For Future Street."[2] We conclude the ruling was correct. Our decision in *Brodt v. Brown,* 404 Pa. 391, 172 A.2d 152 (1961), is controlling.

As we pertinently stated in *Brodt v. Brown,* at pages 394-395, 172 A.2d at 154: "Where a lot of land is conveyed and the deed makes reference to a plan upon which the lot is laid out which, in turn, calls for a certain street thereon, this constitutes a dedication of the use of the street to the enjoyment of the purchaser as a public way though not yet opened and the map or plan becomes a material and essential part of the conveyance and has the same effect as if incorporated therein. The right of the purchaser, in such an instance, will be protected in equity: Ferguson's Appeal, 117 Pa. 426, 11 Atl. 885 (1888). See also, Holmes v. Longwill, 89 Pa. Superior Ct. 1 (1926)." Cf. *Powell v. Wian,* 456 Pa. 35, 318 A.2d 346 (1974).

We reject the argument of the appellants that the Vogels were prevented from acquiring an easement over the street since the street was never opened or accepted for public use. We disposed of this contention in *Brodt v. Brown,* supra, at page 393, 172 A.2d at 153, when we said: "While the street was never accepted for public use by the borough, the private right, or easement to use the street, acquired by the plaintiffs and their predecessors in title, was not affected by the failure of the municipality to act upon the dedication. See,

---

[2] In the trial court the appellants also contended the Vogels had lost any rights in the street by adverse possession. However, the trial court ruled against the appellants on this issue, and this ruling is not challenged in this appeal.

Cohen v. Simpson Real Estate Corp., 385 Pa. 352, 123 A.2d 715 (1956); O'Donnell v. Pittsburgh, 234 Pa. 401, 83 Atl. 314 (1912); Clad v. Paist, 181 Pa. 148, 37 Atl. 194 (1897). . . ." See *Bieber v. Zellner*, 421 Pa. 444, 220 A.2d 17 (1966); see also *United States v. Certain Land in County of Worcester, State of Md.*, 311 F. Supp. 1039 (D. Md. 1970).

Decree affirmed. Each side to pay own costs.