## Chizmar v. Rieder

*David W. Swanson*, for plaintiff.
*Richard Cable*, for defendant.

WOLFE, J., November 5, 1974.—Before us is the petition of Ronald W. Litke, successor in title to defendant, Edward C. Rieder.

Petitioner asks us to enter a judgment of non pros. against plaintiff for his unreasonable delay and laches.

On October 14, 1965, plaintiff commenced an action in ejectment and, after the issue was joined, a nonjury hearing was held and a decree nisi entered on December 12, 1967, in favor of plaintiff. This decree nisi directed that exceptions may be filed thereto within 30 days from December 12, 1967, and, if no exceptions were filed, the decree shall become absolute and the prothonotary directed to enter judgment accordingly. On January 10, 1968, plaintiff filed exceptions. However, there has been no action in regard to this case until the petition for non pros.

Petitioner argues that a delay of six years and ten

months constitutes laches and that he will be greatly prejudiced because his attorney has since died and the hearing judge has retired.

Plaintiff's counsel readily accepts the responsibility for his failure to move the case on plaintiff's exceptions and candidly admits it drifted from his memory.

The plea of "laches" is an equitable doctrine notwithstanding this action is on the law side of the court as equity follows the law. Laches is a neglect on the part of one to act for an unreasonable and unexplained period of time under circumstances requiring diligence to do what, in law, should have been done. However, the doctrine is not solely dependent upon the passing of time per se: Pa. State Bd. of Med. Ed. v. Schireson, 360 Pa. 129, 61 A. 2d 343 (1948). The laches will not be imputed where no injury has resulted to the other party by reason of the delay and, in the absence of prejudice to the one asserting laches, the doctrine will not be applied: Brodt v. Brown, 404 Pa. 392 (1961). To the same effect is Gabster v. Mesaros, 422 Pa. 116, 119 (1966), holding, "[o]rdinarily, the passage of time, in itself, is insufficient to warrant the application of the doctrine, and it must further appear that injury or material prejudice has resulted to the defendant through the delay. [citations omitted]. However, where the delay in asserting the claim involves a grossly unreasonable time, the necessity for specifics regarding prejudice or injury becomes less crucial."

The question of laches is factual and must be determined by an examination of the circumstances: Wilson v. King of Prussia Enterprises, Inc., 422 Pa. 128 (1966).

Petitioner, although arguing prejudice, failed to point out in what respect he would be subjected to undue hardship other than the death of his original counsel and the impairment of memory. Petitioner

became defendant's successor in title by deed to him on September 6, 1968, and duly recorded. This was a period of nine months after exceptions were taken to the decree nisi, and, if a title search were made, the uncertainty of the title to the premises in question would have been revealed and would have alerted petitioner to this effect, who, has apparently elected to let the dog sleep until now. We do not know if a title search were, in fact, made nor is there any explanation to us why defendant did not request earlier disposition of the exceptions. We, of course, bear in mind this is the duty of plaintiff but there are no legal sanctions against plaintiff if he fails to move for that reason alone. Petitioner could have instituted an earlier petition to dispose of this prior to his purchase of the property as an interested party to a contract or could have pressed the original defendant to do so. In any event, we do not think we have to resort to speculation of six years of history. The notes of testimony have been transcribed and, therefore, the record has been preserved for review, thereby negating any prejudice due to the death of parties or impairment of memory. The subject matter of the case has not been impaired, since it involves terra firma and, in any event, petitioner has not told us he has changed his financial position or has incurred any other hardship than that of the loss of his original attorney. We have read the opinion of the court and it appears the issue is the establishment of the boundary lines of the premises. To our knowledge, and petitioner has not so argued, there have been no structures erected on the premises that would be to the detriment of petitioner if the exceptions were not dismissed.

As to the length of the delay, we are reminded it is not unusual in both criminal and civil proceedings to experience delays of five and ten years or longer before

final adjudication. There are many reasons for this and much justified criticism has fallen upon the courts because of it. Here, counsel was not deliberately dilatory and plaintiff cannot excuse himself because of counsel's delay. However, the delay has not been grossly unreasonable and petitioner has pointed to no specific injury or damage he will suffer other than the hiring of his current counsel, although it seems to us there would be no more additional expense for current counsel than there would be for his deceased counsel had the exceptions been timely listed.

For these reasons we enter the following

## ORDER

And now, to wit, this 5th day of November, 1974, the motion for non pros. is denied. The matter shall be listed for argument on December 23, 1974 at which time the court will hear argument on the exceptions.