484 A.2d 630

**Kirk A. BOUCHER et ux.**

v.

**Eugene Blessing BOYER et al.**

**No. 61, Sept. Term, 1983.**

Court of Appeals of Maryland.

Dec. 10, 1984.

682

Paula A. Grogg (Osborn & Winters, on brief), Frederick, for appellants.

W. Jerome Offutt, Frederick (George T. Horman and Offutt & Horman, P.A., Frederick, on brief), for appellees.

Argued before MURPHY, C.J., and SMITH, ELDRIDGE, COLE, DAVIDSON *, RODOWSKY and COUCH, JJ.

COLE, Judge.

We shall decide in this case whether the appellants, whose property abuts a street that was dedicated to public use but was never accepted by the county government, have any property interest in that street under a theory of implied easement by virtue of a plat reference.

The facts are not in dispute. In 1972, George H. and Beverly L. Piper, owners of an approximately fifteen acre tract in Frederick County, Maryland, prepared and duly

---

* Davidson, J., participated in the hearing and in the conference of the case in regard to its decision, but died prior to the adoption of the opinion by the Court.

recorded a plat adopting a plan of subdivision for their property. This plat, entitled "Section One, Piper Estates" (Piper Estates), established two approximately one acre lots (Lot Nos. 1 and 2) from a trapezoidally shaped parcel. The two lots were bisected by a roadway with the plat designation of "George Street." Lot No. 1 bounded George Street to the southwest, and Lot No. 2 bounded George Street to the northeast. The plat depicted George Street as a fifty foot wide right of way that extended the entire length of the two lots, back to the remaining portion of the Pipers' property. The Owner's Certificate further indicated that the Pipers were offering to dedicate George Street to public use.

By a duly recorded deed dated May 5, 1972, the Pipers conveyed Lot No. 1 on the Piper Estates plat to appellees, Eugene B. and Joan F. Boyer. By a duly recorded deed dated May 3, 1974, the Pipers conveyed Lot No. 2 on the same plat to George W. and Ethel E. Brady. The Bradys subsequently conveyed Lot No. 2 to the appellees, Willard A. and Beverly D. Gordon, Jr., by a duly recorded deed dated May 12, 1978. All of these deeds referred to the Piper Estates plat.

By a duly recorded deed dated January 28, 1976, the Pipers conveyed the remainder of their interest in the original fifteen acre tract to the appellants, Kirk and Deborah A. Boucher. The deed conveyed the property to the Bouchers by reference to the description by which the Pipers had acquired the property, and excluded Lot Nos. 1 and 2 by reference to the Piper Estates plat. In 1982, the Bouchers further subdivided their property by creating Lot No. 3, which is depicted on the Piper Estates plat. The plat designates a right of way for Lot No. 3 and reflects the prior dedication of George Street, which abuts Lot No. 3. This right of way was created at the behest of the Frederick County Planning Commission as a condition to the creation of Lot No. 3.

Although the Owner's Certificate on the Piper Estates plat indicated that George Street had been dedicated to public use, that dedication was never completed. After the recordation of the Boucher plat, the Zoning Administrator for Frederick County wrote a letter to the Bouchers informing them that the County had not accepted George Street.

At trial, Mrs. Boucher testified that George Street was the only means of access to the Boucher farm land. She further testified that she and her husband have solely maintained George Street up to the point where the driveways to Lot Nos. 1 and 2 branch off to their respective lots. Mrs. Boucher testified that she and her husband laid gravel on George Street from the point at which the appellees' driveways intersect the street up to their property line. She further indicated that she and her husband have used George Street to bring farm equipment to their farm land. Although Mrs. Boucher testified that George Street was the only safe access for this equipment, she conceded that the farm land was not without access to another road. Evidence also disclosed that the Bouchers have placed a mobile home on Lot No. 3 so as to provide a residence for Mrs. Boucher's parents.

In 1982, the appellees instituted a declaratory judgment action against the Bouchers in the Circuit Court for Frederick County. Appellees urged the trial court to declare them fee simple owners of George Street and requested that the Bouchers be permanently enjoined from using George Street. In an order dated February 15, 1983, the trial court declared that the appellees were each fee simple owners of one half of George Street by virtue of the statute in effect at the time of the conveyances, Md.Code (1957, 1973 Repl. Vol.), Art. 21, § 5–114, and that the Bouchers had no easement over George Street. The Bouchers filed an appeal to the Court of Special Appeals, but we granted certiorari prior to decision by that court to decide the issue presented.

## I

The threshold issue we must decide is which party holds fee simple title to George Street. The Bouchers argue that the intention of the original grantors (the Pipers) should govern the determination of this issue. The Bouchers reason that the original grantors intended to dedicate George Street to public use, but the County's nonacceptance of this dedication continued the ownership in the original grantors. Based on this reasoning, the Bouchers contend that as successors in title to the original grantors they hold fee simple title to George Street. We disagree.

Former § 5–114 of Art. 21,[1] as the trial court correctly recognized, controls this issue. Section 5–114 provides:

Any deed, will, or other instrument which conveys land in this State, binding on any street or highway, or when any street or highway shall be one or more of the lines thereof, shall be construed to pass to the devisee, donee or grantee therein, all the right, title, and interest of the devisor, donor, or grantor in the street or highway; provided, however, to the extent the devisor, donor or grantor owns other land on the opposite side of the street or highway, then the deed, will, or other instrument shall be construed to pass the right, title, and interest of the devisor, donor, or grantor only to the center of that portion of the street or highway upon which the two (or

---

1. This statute was later recodified at Md.Code (1981 Repl.Vol.), § 2–114 of the Real Property Article. Section 2–114, effective July 1, 1974 provides:

Unless a contrary intention appears in the deed, will, or other instrument, if any deed, will, or other instrument grants or bequeaths land binding on any street or highway, or if any street or highway is one or more of the lines of the land, the deed, will, or other instrument passes to the legatee, donee, or grantee, all the right, title, and interest of the testator, donor or grantor in the street or highway. Except that to the extent the testator, donor, or grantor owns other land on the opposite side of the street or highway, the deed, will, or other instrument passes the right, title, and interest of the testator, donor, or grantor only to the center of that portion of the street or highway on which the two or more tracts coextensively bind.

more) tracts co-extensively bind. The foregoing provisions shall be inapplicable in either of the above instances if the devisor, donor or grantor shall in express terms in the writing by which the devise, gift or conveyance is made, reserve to himself all the right, title and interest to the said street or highway.

■ This statute, which applies to both private and public streets, *Grunwell v. Henderson,* 220 Md. 240, 247, 151 A.2d 920 (1959); *Campeggi v. Wakefield,* 157 Md. 229, 237, 145 A. 546 (1929), extends the common law presumption that title to the center of a binding street passes to the grantee. *Callahan v. Clemens,* 184 Md. 520, 526, 41 A.2d 473 (1945).

■ Lot Nos. 1 and 2 bounded George Street at the time of the conveyance of these lots, thereby making former § 5–114 applicable. Thus, the 1972 conveyance of Lot No. 1 to the Boyers conveyed fee simple title to them to the southwestern half of George Street because their predecessors in title (the Pipers) held the property in fee simple. Similarly, the 1974 conveyance of Lot No. 2 to the Bradys and later the Gordons vested fee simple title in those lot owners to the opposite half of George Street. At the time the Pipers conveyed the remainder of their property to the Bouchers in 1976, the Pipers simply did not hold fee simple title to any portion of George Street. Moreover, this property did not bind George Street, but instead abutted it. Because nothing in the deed indicates that the Pipers expressed reserved title to George Street, we hold that the conveyance of Lot Nos. 1 and 2 by the original grantors to the respective purchasers of these lots vested fee simple title in each lot owner to the center of George Street in accordance with former § 5–114.

## II

The Bouchers make an alternative argument that they have an implied easement over George Street by virtue of a plat reference in the Piper Estates plat. To place this issue in proper perspective, we consider it necessary to review

briefly the nature of easements and the methods by which they may be created.

An easement is broadly defined as a nonpossessory interest in the real property of another, *see Condry v. Laurie,* 184 Md. 317, 320, 41 A.2d 66 (1945), and arises through express grant or implication. *See, e.g., Shpak v. Oletsky,* 280 Md. 355, 360–61, 373 A.2d 1234 (1977); *Hancock v. Henderson,* 236 Md. 98, 102, 202 A.2d 599 (1964); *Knight v. Mitchell,* 154 Md. 102, 105–06, 140 A. 74 (1928). Easements by implication may be created in a variety of ways, such as by prescription, *see Department of Natural Resources v. Ocean City,* 274 Md. 1, 7–9, 332 A.2d 630 (1975), necessity, *Hancock v. Henderson, supra,* the filing of plats, *Atlantic Constr. Corp. v. Shadburn,* 216 Md. 44, 52–53, 139 A.2d 339 (1958); *Klein v. Dove,* 205 Md. 285, 294, 107 A.2d 82 (1954); *Mullan v. Hochman,* 157 Md. 213, 221, 145 A. 554 (1929), estoppel, *see Atlantic Constr. Corp. v. Shadburn, supra; Knight v. Mitchell, supra,* and implied grant or reservation where a quasi-easement has existed while the two tracts are one. *See Slear v. Jankiewicz,* 189 Md. 18, 23–24, 54 A.2d 137 (1947), *cert. denied,* 333 U.S. 827, 68 S.Ct. 453, 92 L.Ed. 1112 (1948); 2 G. Thompson, *Commentaries on the Modern Law of Real Property* § 330, at 94 (J. Grimes ed. 1984). An implied easement is based on the presumed intention of the parties at the time of the grant or reservation as disclosed from the surrounding circumstances rather than on the language of the deed. *Id.* § 351, at 287. As a result, courts often refer to extraneous factors to ascertain the intention of the parties.

The Bouchers do not claim that they have an express easement or an implied easement by prescription or necessity. Rather, the Bouchers proceed on the theory that they have an implied easement by virtue of the plat reference to George Street as a means of access to what is now Lot No. 3. An obvious but important factor in determining whether the Bouchers can prevail on this theory is whether their deed contains a reference to a plat that contains a right of

way. *See* R. Powell, *The Law of Real Property* ¶ 409, at 35–53 to –55 (P. Rohan ed. 1984); 2 G. Thompson, *supra,* § 351, at 302. We hold that it does.

The Bouchers' deed describes the conveyed property by a metes and bounds description. The deed, however, does so in reference to the entire original Piper tract, including Lot Nos. 1 and 2, which had been conveyed previously to the appellees. The deed contains an "exceptions clause," which expressly excludes these lots from the grant by reference to the Piper Estates plat. Appellees challenge this clause by arguing that it cannot be relied upon for this purpose. We disagree. It seems clear to us that the exceptions clause describes the conveyed property as much as the metes and bounds description. Without both, the description of the Bouchers' property would be incomplete. As we see it, a deed that is silent as to the right of way but refers to a plat that establishes such a right of way creates a rebuttable presumption that the parties intended to incorporate the right of way in the transaction. *See generally Mullan v. Hochman, supra* (when a grantor subdivides property shown on a plat as bordering streets he impliedly convenants that the grantee will have an easement over the street shown on the plat). A party may therefore point to the existence of the plat to establish that the parties intended that the right of way depicted in the plat be used by the grantee. In sum, we view this as a reasonable application of the common law rule that a deed reference to a plat incorporates that plat as part of the deed. *See Klein v. Dove, supra; Williams Realty Co. v. Robey,* 175 Md. 532, 2 A.2d 683 (1938); *see also Schickli v. Keeling,* 307 Ky. 210, 210 S.W.2d 780 (1948); *Goldstein v. Beal,* 317 Mass. 750, 59 N.E.2d 712 (1945); *Vogel v. Haas,* 456 Pa. 585, 322 A.2d 107 (1974).

The rule in Maryland concerning implied easements by virtue of plat references represents a clear majority view. *See, e.g., Day v. Robison,* 131 Cal.App.2d 622, 281 P.2d 13 (1955); *Stanley Heights Property Owners Ass'n v. White-*

*side,* 151 Colo. 429, 378 P.2d 399 (1963); *Stankiewicz v. Miami Beach Ass'n,* 191 Conn. 165, 464 A.2d 26 (1983); *Bonifay v. Garner,* 445 So.2d 597 (Fla.Dist.Ct.App.1984); *Smith v. Clay,* 239 Ga. 220, 236 S.E.2d 346 (1977); *Monaco v. Bennion,* 99 Idaho 529, 585 P.2d 608 (1978); *Reiman v. Kale,* 83 Ill.App.3d 773, 38 Ill.Dec. 671, 403 N.E.2d 1275 (1980); *McBrayer v. Davis,* 307 S.W.2d 14 (Ky.1957); *Callahan v. Ganneston Park Dev. Corp.,* 245 A.2d 274 (Me. 1968); *Gagnon v. Moreau,* 107 N.H. 507, 225 A.2d 924 (1967); *Stupnicki v. Southern N.Y. Fish & Game Ass'n,* 41 Misc.2d 266, 244 N.Y.S.2d 558 (1962) (discussing rule), *aff'd,* 19 A.D.2d 921, 245 N.Y.S.2d 333 (1963); *Strickland v. Shew,* 261 N.C. 82, 134 S.E.2d 137 (1964); *Overstreet v. Brookland, Inc.,* 52 N.C.App. 444, 279 S.E.2d 1 (1981); *Vogel v. Haas, supra; Immanuel Baptist Church v. Barnes,* 274 S.C. 125, 264 S.E.2d 142 (1980); *Knierim v. Leatherwood,* 542 S.W.2d 806 (Tenn.1976); *Barron v. Phillips,* 544 S.W.2d 752 (Tex.Civ.App.1976); *Capitol Hill Methodist Church v. Seattle,* 52 Wash.2d 359, 324 P.2d 1113 (1958); *Reger v. Wiest,* 310 S.E.2d 499 (W.Va.1983). *See generally* 2 G. Thompson, *supra,* § 359, at 357–70 (discussing plat reference theory of implied easements); H. Tiffany, *The Law of Real Property* § 800 (3d ed. 1939 & Supp.1984) (same); Annot., 7 A.L.R.2d 607 (1949) (same); 28 C.J.S. *Easements* § 39 (1941 & Supp.1984) (same). For instance, in *Vogel v. Haas, supra,* the plaintiffs owned land in a residential development. When they attempted to use an alleyway that was depicted on the development plat as "Reserved For Future Street," their neighbors objected. The plaintiffs then secured an injunction forbidding their neighbors from interfering with the plaintiffs' use of the street. The Supreme Court of Pennsylvania affirmed, reasoning that the plat reference created an implied easement in the alleyway. *Id.* 456 Pa. at 588, 332 A.2d at 109. *See generally Fessenden v. Parrigin,* 228 Ga. 61, 62–63, 183 S.E.2d 771, 772 (1971) ("The general rule is that when a subdivision is laid out and the lots sold with reference thereto, the purchasers thereof acquire a right of way over

the streets"); *M.H. Siegfried Real Estate, Inc. v. Renfrow*, 592 S.W.2d 488, 491 (Mo.Ct.App.1979) ("A conveyance which conveys property by reference to a map or plat, which map or plat shows the property so conveyed is bounded by a road or way, the right-of-way thereover passes by the conveyance as an easement appurtenant thereto."). We note that some jurisdictions have extended this rule so as to provide that a plat reference creates an easement in *all* the streets or roads depicted on the plat. *See, e.g., McPhillips v. Brodbeck*, 289 Ala. 148, 266 So.2d 592 (1972); *Lindsay v. James*, 188 Va. 646, 51 S.E.2d 326 (1949).

The application of the plat reference theory of implied easements in the case *sub judice* leads us to conclude that the Bouchers have an easement over George Street. As we indicated above, an important factor is that the Bouchers' deed refers to the Piper Estates plat as a means of describing the boundaries of their property. Indeed, as we previously stated, we view the existence of a right of way on a plat as a factor so probative that it in effect creates a rebuttable presumption that the parties intended to create an easement at the time of the division of the property. At a minimum this indicates that the original grantors intended that George Street be used as a means of access to property abutting on that street. In addition, all grantees from the common grantor (the Pipers) purchased their property with reference to the same plat, and all of the lots either bind or abut George Street. In our view, this indicates that the grantors intended that each grantee have at least an easement over the street. That the owners of Lot Nos. 1 and 2 received fee simple title to the center of the street does not detract from this intent. Here the appellees failed to produce any evidence at trial to rebut the presumption created by the plat reference. We therefore conclude that the original grantors intended that subsequent grantees have an easement over George Street. We find support for our conclusion in a number of our past decisions concerning the plat reference theory of implied easements.

In a 1958 decision, our predecessors considered a claim of an implied easement arising out of a development plat. *Atlantic Constr. Corp. v. Shadburn, supra.* Factually, the Shadburns owned a lot on a Baltimore City block, and the appellants owned several lots on the same block. An alley separated the lots on the west side of the block from the lots on the opposite side (east side) of the block. After the appellants obstructed this alley, the Shadburns and others brought suit to enjoin the obstruction. This Court upheld the requested relief, holding that the Shadburns and the other neighbors had a right to use the alley. Because some of the lot owners had express rights of use in their respective deeds, the *Shadburn* Court held that they had express easements. Although the Shadburns lacked this clause in their deed, we determined that they nonetheless had an easement because the development plat depicted the alley. *Id.* [216 Md.] at 51–52, 139 A.2d 339; *see Hackerman v. City of Baltimore,* 212 Md. 618, 130 A.2d 732 (1957) (easement by implication may be created when plat depicts a right of way) (dictum). In both *Shadburn* and *Hackerman,* we found that a plat that sets out a street or alleyway creates a presumption that a dedication was intended. Under this line of reasoning, purchasers who relied upon the plat were entitled to a private right of way over the street or alley regardless of whether the dedication was ever accepted. *See generally Klein v. Dove, supra* (in lots located in a waterfront development, non-abutting property owners have an implied easement in a right of way depicted in a recorded plat; court found that plaintiffs bought their lots in reliance upon the plat); *Williams Realty Co. v. Robey, supra* (another waterfront development case involving non-abutting properties; court intimated that appellees had an implied easement to a community beach because they relied upon a recorded plat). These cases, together with our discussion of this theory in the context of the instant case, convince us that the Bouchers have an implied easement over George Street.

Appellees challenge this conclusion on the basis that former § 5–114 of Art. 21 compels a different result. Appellees reason that this statute operates to grant "*all* the right, title and interest" of the grantor of the conveyed property in any street bounding upon the property. Because a conveyance of property bounding on a street conveys all right, title, and interest to the center of the street, and because an easement is an "interest" in the street, appellees contend that the grantor is statutorily precluded from creating an easement in the street to the grantee. This reasoning would of course effectively abrogate the common law principle that a conveyance of property with reference to a recorded plat creates a rebuttable presumption that rights of way depicted on the plat are intended as easements. We are therefore presented with an apparent conflict.

In most circumstances, this type of problem would not arise because grantees obtain fee simple title to the center of the street on which their property binds in accordance with former § 5–114 of Art. 21. In this case, however, George Street abuts rather than binds the Boucher tract. Therefore, the conveyance from the Pipers to the Bouchers could not convey title to the center line of George Street because the tract did not coextensively bind George Street, i.e., run parallel with another tract.

To resolve the apparent conflict between these two rules, we must examine the purpose of each and reconcile them if possible. The purpose of former § 5–114 is to assure landowners that they will have access to streets bounding on their land by granting to them title to the center line of the street while recognizing an easement in the other half of the street. The implied easement by plat reference rule has an identical purpose, although it accomplishes its objective by creating an easement to the whole of the street rather than by granting fee simple title to part. The purpose of each rule is to assure access to a right of way contiguous with the land so as to afford each owner

full use and enjoyment of his property. In our view, the two rules are not inconsistent. As one well respected commentator noted:

> The results called for by the[se] rules ... are sometimes modified slightly by the existence in the state of another rule of conveyancing, namely, that a deed conveying Blackacre by reference to a map or by a description naming a street as boundary, conveys the fee to the center line of the bounding street, together with an easement in the balance of the bounding street. This conveyancing rule can be made inapplicable by language of the deed showing an inconsistent intent. *When the owner of Blackacre thus acquires a fee to the center line of the bounding street, his street strip is subject to an easement in favor of other lot owners using the same street.*

3 R. Powell, *supra,* ¶ 409, 34–54 to –55 (emphasis supplied). (footnotes omitted). Therefore, absent an express provision to the contrary in the deed, those who purchase a lot with reference to a plat depicting an abutting street acquire a private easement in that street regardless of whether it has been dedicated to the public and accepted by the local government. By virtue of this easement, the purchaser has the right to keep the street open and to make reasonable use thereof. Our conclusion should not be construed to include non-abutting properties, except in those cases where the ownership of the property made the right of way an essential factor in the purchase of the property in the first instance. *See Klein v. Dove, supra; Williams Realty Co. v. Robey, supra.*

Accordingly, we hold that the Bouchers have an implied easement over George Street by virtue of the reference in their deed to the Piper Estates plat, which depicts George Street as a right of way to their property.

JUDGMENT OF THE CIRCUIT COURT FOR FREDERICK COUNTY REVERSED AND CASE REMANDED TO

THAT COURT FOR ENTRY OF A JUDGMENT NOT IN-CONSISTENT WITH THIS OPINION.

APPELLEES TO PAY THE COSTS.