891 A.2d 1175

**David RAU**

**v.**

**Brenda D. COLLINS.**

**No. 653, Sept. Term, 2005.**

Court of Special Appeals of Maryland.

Feb. 2, 2006.

178

Michael L. Freilich (James W. Hays, on the brief), Towson, for appellant.

Brief not submitted for appellee.

Panel: DAVIS, HOLLANDER and BARBERA, JJ.

DAVIS, J.

## FACTUAL BACKGROUND AND
## LEGAL PROCEEDINGS

Appellant, David Rau, filed a petition in the Circuit Court for Baltimore City to quiet title to a parcel of property (hereinafter "the subject property" or "the disputed property") on January 7, 2004. Named in the petition were fifteen defendants, including appellee, Brenda Collins, whose property abuts that of appellant. The subject property, 3532 Frederick Road, is a 40' × 14' improved lot which fronts on Frederick Road and a macadam driveway provides access to the rear of the Rau lot. Appellee was the fee simple owner of 3600 Frederick Avenue (hereinafter the "Collins lot") which, along with a parcel owned by Alphea Sanders, shares a common northern border with the disputed property, while the southern border of Rau's property is contiguous with the subject property. Appellant's petition alleged a continuous, visible, notorious, and hostile possession of the subject property for more than twenty years, adverse to the claims of the defendants and all other persons.

The trial date, set for May 10, 2004, was postponed until August 10, 2004, to allow appellee to obtain counsel. When appellee appeared without counsel on the new trial date, the circuit court, Nance, J., nevertheless commenced the trial, admitting the *de bene esse* deposition (Merkel Deposition) of a member of the family of the predecessors in interest in the Rau lot, Gerhardt Merkel. According to the Merkel deposition, which was read into evidence, relatives of a predecessor in interest to Collins, the daughter and son-in-law of a Mrs. Rush, had used the subject driveway with permission in the sixties, and they had built a parking pad on the lot. A chain link fence was constructed in 1967, between the driveway on appellant's property and appellee's property, leaving no access to the parking pad. Appellee testified that there was parking on the street in front of her house. During her closing argument, appellee stated, "[a]nd I don't shovel the snow out the driveway, because I don't have a car. I don't go up

through the driveway and when I walk up there, I walk through on the side of my house. So, there's no reason for me to get out there and shovel snow on the driveway that I don't have a car." After ruling from the bench that appellee had a right of ingress and egress over the Rau driveway, the trial judge continued the hearing to determine whether the driveway in question was private property or a public street. After a brief proceeding on November 17, 2004, in which the court ruled that appellee should be granted an easement by necessity "to give this lady an easement for access to the pad behind her house," the court again continued the case in order to determine whether the driveway was public or private.

On December 13, 2004, appellant filed a trial memorandum in which he opposed the court's ruling, granting appellee an easement by necessity. The purpose of the continuance, having been satisfied by the appearance of counsel for the City who confirmed that the driveway was a private driveway, the court allowed "[appellee's] lawyer to submit whatever he does in writing with [appellant] to have an opportunity to respond to it." On February 16, 2005, appellee filed her Trial Memorandum in Support of Prescriptive Easement, to which appellant answered by filing his Response to Trial Memorandum in Support of Prescriptive Easement.[1] In that same trial

---

1. The trial court's decision in this case was based upon its determination that appellee had obtained an easement by necessity over the Rau driveway. Appellee's trial memorandum raised the issue of an easement by prescription, however, the trial court found, without identifying any supporting facts, that appellee did not have an easement by prescription. The record indicates that while the trial court used the term "prescriptive" during an earlier phase of the trial, that was done in error. The day after appellee submitted her Memorandum in Support of Prescriptive Easement, the trial court made the following comment on the record.

　　[Appellant's Counsel]: The only other issue as I understand it was whether or not there should be a prescriptive easement for Ms. Collins, and the record is totally devoid of any of the elements for a prescriptive easement—

　　THE COURT: I agree with you. The word, prescriptive, is the problem, and the Court inartfully [sic] used the word, prescriptive. But I want to make sure that you understood what I just said. I know you do. The word, prescriptive, is the problem and the Court

memorandum, appellee concedes that there is no factual basis to support an argument that she should have an easement by necessity over the Rau driveway. On April 22, 2005, the circuit court filed its Memorandum Opinion and Order, granting title to the disputed parcel to appellant, but granting an implied easement to appellee. The court ruled:

> This case comes before this Court on a Petition to Quiet Title of property by asserting adverse possession. In 1988, [Appellant] ("Rau") purchased, in fee simple absolute, property commonly known as 3532 Frederick Avenue. Boundaries of the said parcel are defined by a chain link fence that is shared by adjacent properties.
>
> On May 26, 1999[sic], [Appellee] ("Collins") purchased a single family home, known as 3600 Frederick Avenue. [Appellee]'s property is adjacent to [Appellant]'s Property.
>
> This matter was originally scheduled before this court as part of the expedited docket. A hearing was begun on May 6, 2004, at which time, the case was continued on August 10, 2004.
>
> On August 10, 2004, a full hearing was held, with testimony and evidence introduced into the record. This court finds that [Appellant] presented sufficient evidence to establish adverse possession of a portion of land in the rear of 3600 Frederick Avenue. This land is established as a section, fourteen feet by forty feet, north of the chain link fence enclosing [Collins]'s rear yard.
>
> In the matter of quiet title, there remained the question of the use of a driveway duly deeded to [Appellant], immedi-

---

used it-what the Court meant to say was that it appears that you may be able to acquire the land behind the fence, but whatever the Court does, strike the word, prescriptive, and that it plans to give this lady an easement for access to the pad behind her house. We note that testimony from the Merkel deposition, indicating that appellee's predecessors in interest were granted permission to use the driveway to access the pad, may serve to negate a finding that appellee had obtained an easement by prescription. There is no indication, however, that Merkel's testimony was considered by the court in that regard, and we decline to draw that conclusion as the issue was not submitted to us on appeal.

ately adjacent to [Appellee]'s property. [Appellee] possesses a concrete parking pad for her vehicle within a defined portion of her rear yard. The only means of [Appellee] to access her parking pad is by way of the driveway. [There exists little to no curbside parking in the area of the subject property]. At issue is whether this [Appellee] has the right-of-way and use of this portion of [Appellant]'s property for ingress and egress to her parking pad. This court questioned whether the driveway was city property, as it appears to be, by appearance in photo exhibits, that it might be or may have been a city street or alleyway. In a hearing on December 14, 2004, the City of Baltimore, by its attorney, appeared and informed the Court that the subject driveway was not city property and that the City of Baltimore had no property interest.

## DISCUSSION

In general, "easement" and "right-of-way" are regarded as synonymous. *Miller v. Kilpatrick[Kirkpatrick]*, 377 Md. 335, 349, 833 A.2d 536, 544 (2003) (citing *Chevy Chase Land Co. v. United States*, 355 Md. 11[0], 126, 733 A.2d 1055, 1063 (1999)). The Court of Appeals has broadly defined an easement as a "nonpossessory interest in the real property of another." *Calvert Joint Venture # 140 v. Snider*, 373 Md. 18, 39, 816 A.2d 854 (2003) (citing *Boucher v. Boyer*, 301 Md. 679, 688, 484 A.2d 630, 635 (1984)). Easements may be created by express grant or by implication. *Shpak v. Oletsky*, 280 Md. 355, 360–61, 373 A.2d 1234 (1977). Necessity of an easement is one way in which an implied easement is created. *Hancock v. Henderson*, 236 Md. 98, 102, 202 A.2d 599, 601 (1964).

Evidence presented indicates that there is no alternative access to the said concrete parking pad within [Appellee]'s rear yard, absent the driveway. From the evidence presented by [Appellant], the prior owner of [Appellee]'s property freely and fully utilized the said driveway for ingress and egress to this concrete parking pad in the rear of [Appellee]'s dwelling. The Court of Appeals observed that

"[a]n implied easement is based on the presumed intention of the parties at the time of the grant or reservation as disclosed from the surrounding circumstances rather than on the language of the deed," and that, "[a]s a result, courts often refer to extraneous factors to ascertain the intention of the parties." *Kobrine L.L.C. v. Metzger,* 380 Md. 620, 638, 846 A.2d 403, 414 (2004) (internal citations omitted). This court, having fully considered the evidence before it, finds that a grant of an implied easement of necessity to access the parking pad was the presumed intent of the owner of the property prior to [Appellant].

As successor in interest to the said property known as 3600 Frederick Avenue, [Appellee] possesses an easement that permits the use of the driveway as the dominant estate, with [Appellant] maintaining the servient estate. "In every instance of a private easement—that is, an easement not enjoyed by the public—there exists the characteristic feature of two distinct tenements—one dominant and the other servient." *Miller v. Kilpatrick[Kirkpatrick],* 377 Md. 335, 349, 833 A.2d 536, 544 (2003) (internal citation omitted).

[Appellee]'s use of the implied easement of necessity may not be inhibited. The owner of the dominant tenement is entitled to use the easement only in such a manner as is fairly contemplated by [the initial] grant, whether expressly or implied, and the owner of the servient tenement is entitled to use and enjoy his property to the fullest extent consistent with the reasonably necessary use thereof by his neighbor in accordance with the terms and conditions of the grant. *Miller v. Kilpatrick[Kirkpatrick],* 377 Md. 335, 350, 833 A.2d 536, 544 (2003) (citing *Millson v. Laughlin,* 217 Md. 576, 585, 142 A.2d 810, 814 (1958)).

Upon careful consideration of all facts surrounding these properties, and in light of the permanent nature of the concrete parking pad enclosed within the rear yard of [Appellee], this court finds by the evidence presented that an implied easement of necessity does exist.

Therefore, [Appellant's] Petition to Quiet Title is HEREBY, GRANTED. [Appellant] Rau has acquired a section of

property to the rear of 3600 Frederick Avenue defined as fourteen feet by forty feet north of the chain link fence enclosing [Appellee] Collin's [sic] rear yard.

Further, this Court HEREBY, GRANTS [Appellee] Collins an implied easement of necessity to utilize the driveway immediately adjacent to 3600 Frederick Avenue to access the concrete parking pad within the rear yard of said property.

Subsequently, appellant filed a Motion to Alter or Amend Judgment, which was denied by the court on May 10, 2005. From the judgment of the circuit court, this timely appeal was filed, in which appellant raises the following questions:

1. Did the trial judge err as a matter of law in granting an easement by necessity over [Appellant's] property in favor of [Appellee]?

2. Did the grant of the easement by necessity across [Appellant's] property amount to an unconstitutional taking of [Appellant's] property in violation of the Maryland Constitution?

3. Did the trial judge abuse his discretion in denying [Appellant's] motion to alter or amend the judgment?

We hold that the trial court erred in granting appellee an easement over the property of appellant. Therefore, we reverse the order of the trial court granting appellee an implied easement to use the driveway of appellant, as well as the order requiring appellant to refrain from impeding appellee's use of the driveway. Because our resolution of appellant's first issue requires reversal, we need not reach appellant's second and third issues raised.

## DISCUSSION

### I

When, as in the case at bar, an action has been tried without a jury, the appellate court will review the case on both the law and the evidence. It will not set aside the judgment of the trial court on the evidence unless clearly erroneous, and will

give due regard to the opportunity of the trial court to judge the credibility of the witnesses. Maryland Rule 8–131.

Appellant initially contends that the trial court erred in granting appellee an easement by necessity over the private driveway over his property, running adjacent to the property of appellee. He asserts:

> In this case, there is no evidence of a common grantor with respect to the Rau Lot and the Collins Lot. There is no evidence to establish Rau's predecessor-in-interest intended to grant an irrevocable use of the disputed driveway. There is no evidence of a continuous, adverse and notorious use of the disputed driveway for a period of twenty years preceding this suit.

In sum, he argues that there is simply no necessity requiring the grant of an easement because there is no evidence to support a finding that appellee does not have access to her property and there is no evidence that the two properties belonged to a common grantor.

■ An easement is defined as a nonpossessory interest in the real property of another. *Boucher v. Boyer,* 301 Md. 679, 688, 484 A.2d 630 (1984). Judge Kenney, writing for this Court, explained:

> More specifically, an easement involves primarily the privilege of doing a certain class of act on, or to the detriment, of another's land, or a right against another that he refrain from doing a certain class of act on or in connection with his own land, the holder of an easement having, as an integral part thereof, rights against the members of the community generally that they shall not interfere with the exercise or enjoyment of the easement.

*Stansbury v. MDR Development, L.L.C.,* 161 Md.App. 594, 610, 871 A.2d 612 (2005), *aff'd,* 390 Md. 476, 889 A.2d 403 (2006) (citing *Herbert Thorndike Tiffany, Real Property* (3d ed.1939) § 756). An easement may be created by either express grant, implied grant, reservation, prescription, estoppel, or through eminent domain. *Id.*

█ We consider in this case a special form of implied easement, an easement by necessity. *Hancock v. Henderson,* 236 Md. 98, 102, 202 A.2d 599 (1964) (Ways by necessity are a special class of implied grants and have been recognized in this State for a good many years); *see also Shpak v. Oletsky,* 280 Md. 355, 360, 373 A.2d 1234 (1977). Where a grantor conveys a tract of land which has no outlet to a public highway except over his remaining land or over that of a stranger, a way of necessity over the grantor's remaining property will be implied. *Henderson,* 236 Md. at 102, 202 A.2d 599 (citations omitted). If a reservation is not expressly made in the deed, it must be shown that there is a necessity for its use by the property retained over the property conveyed. *Hansel v. Collins,* 180 Md. 209, 216, 23 A.2d 686 (1942). Full utilization of land is favored, and it is presumed that parties do not intend to render conveyed property unfit for occupancy. *Condry v. Laurie,* 184 Md. 317, 321, 41 A.2d 66 (1945).

█ Ways of necessity are of two types, either implied grant or implied reservation. *Oletsky,* 280 Md. at 360, 373 A.2d 1234 (citing *Dalton v. Real Estate & Imp. Co.,* 201 Md. 34, 47, 92 A.2d 585 (1952)); *see also Michael v. Needham,* 39 Md.App. 271, 275, 384 A.2d 473 (1978). [G]rants of easements by implication are looked upon with jealousy and are construed with strictness by the courts. *Laurie,* 184 Md. at 321, 41 A.2d 66. An implied easement is based on the presumed intention of the parties at the time of the grant or reservation as disclosed from the surrounding circumstances rather than on the language of the deed. *Boyer,* 301 Md. at 688, 484 A.2d 630 (citing 2 G. Thompson, *Commentaries on the Modern Law of Real Property* § 351 at 287 (J. Grimes ed.1984)). *See also Koch v. Strathmeyer,* 357 Md. 193, 198, 742 A.2d 946 (1999)("intention 'is a question of fact,' and the surrounding circumstances of the case must be analyzed in order to truly understand an unexpressed intention" (citing *Scholtes v. McColgan,* 184 Md. 480, 489, 41 A.2d 479 (1945))).

The dominant and servient estates must at some point have belonged to the same person. In *Needham,* 39 Md.App. at 275, 384 A.2d 473, we said:

In order to establish a right of way of necessity, it must be shown that sometime in the past the land for the benefit of which the easement is claimed and that over which it is claimed belonged to the same person. *Johnson v. Robinson*, 26 Md.App. 568, 338 A.2d 88, cert. denied, 276 Md. 748 (1975). '(A) right of way of necessity can only be raised out of the land granted or reserved by the grantor, and never out of the land of a stranger.' *Oliver v. Hook*, 47 Md. 301, 310 (1877); 2 G. Thompson, *Commentaries on the Modern Law of Real Property* Section 362 (J. Grimes ed.1961). An easement by implication must arise at a time when there is unity of title. *Hancock v. Henderson*, 236 Md. 98, 202 A.2d 599 (1964); *Hansel v. Collins*, 180 Md. 209, 23 A.2d 686 (1942).

*See also Strathmeyer*, 357 Md. at 198, 742 A.2d 946 ("The standard of proof necessary to establish an implied easement, under circumstances like these, is the 'clear manifestation' of the intent of the common grantor."); *Oletsky*, 280 Md. at 361, 373 A.2d 1234.

■ An implied easement arising from necessity involves a presumption that the parties intended to create an easement. *Oletsky*, 280 Md. at 361, 373 A.2d 1234. The Court of Appeals, in *Oletsky*, quoting L. Jones, Easements, § 304 (1898), explained:

It is not the necessity which creates the right of way, but the fair construction of the acts of the parties. The necessity merely furnishes evidence as to the real intention of the parties. 'For the law will not presume that it was the intention of the parties that one should convey land to the other in such manner that the grantee could derive no benefit from the conveyance; nor that he should so convey a portion as to deprive himself of the enjoyment of the remainder. The law under such circumstances will give effect to the grant according to the presumed intent of the parties. (Footnotes omitted).

*Id.* at 361–62, 373 A.2d 1234.

In *Needham*, the Court of Appeals discussed the difference in degree of necessity required to give rise to the presumption

of intent to create an easement between an implied grant and an implied reservation. The Court, quoting from *Dalton v. Real Estate and Improvement Co.,* 201 Md. 34, 47, 92 A.2d 585 (1952), where the Court of Appeals stated:

A distinction has been maintained in the law between implied grants and implied reservations. If an easement is continuous and apparent and necessary to the reasonable enjoyment of the premises granted, it will be implied that the grant included the easement. However, if a grantor intends to reserve any rights or uses in or over the tenement granted, he must reserve them expressly, and the only exception is of easements, including ways, of actual, strict necessity. The reason for the last rule is said to be that a grantor cannot derogate from his grant. . . .

*Needham,* 39 Md.App. at 276, 384 A.2d 473.

■ Applying the foregoing to the facts of this case, the trial court erred in granting appellee an implied easement by necessity over appellant's property. We explain.

In her trial memorandum, appellee conceded that there was no factual basis to support the conclusion that she should be granted an easement by necessity over the property of appellant. The facts and evidence reflect that appellee purchased the property in 1995 with knowledge that there was no access to the parking pad installed at the rear of her property. The Merkels, appellant's predecessors in interest, constructed a chain link fence enclosing the yard of the Collins's property in 1967, preventing access to the parking pad. Finally, appellee acknowledged, in her closing argument, that she did not own a car and had no need to use appellant's driveway. Notwithstanding these concessions, our decision rests soundly on other grounds.

An implied easement of necessity can only arise at a time when there is unity of title. *See Needham,* 39 Md.App. at 275, 384 A.2d 473. In *Needham,* this Court considered whether appellant, Nellie Michael, had an implied easement of necessity over the property of appellee, Laurie Needham. *Id.* at 274–75, 384 A.2d 473. The two adjoining but separate tracts

of land, *i.e.*, the "wooded tract" owned by appellant, which was landlocked, and "the lower farm" owned by appellee, were treated as a unitary tract by the owner, Raleigh Sherman. *Id.* at 273, 384 A.2d 473. In order to gain access to the nearest county road from the wooded tract, Sherman used a right-of-way across the section of lower farm owned now by appellee. *Id.* at 274, 384 A.2d 473. Sherman died owning both tracts of land and his Executor, on September 22, 1931, sold both tracts on that day to two different purchasers. *Id.* at 273, 384 A.2d 473. The deed to appellant's predecessors was dated January 12, 1932 and the deed to appellee's predecessors was dated December 23, 1934. The wooded tract was conveyed to appellant, not from the original purchaser in 1931, but from a subsequent purchaser in 1946. *Id.* at 273, 384 A.2d 473. Appellee became the owner of 15.75 acres of the eastern portion of lower farm in 1975, after the property had passed through two subsequent purchasers, one of whom subdivided the property. *Id.* at 273, 384 A.2d 473.

In deciding that appellant did have a right of way of necessity over the property of appellee, we stated: "Though the present dispute is over the burdens and benefits to the land of distant successors in interest to Raleigh Sherman, resolution of this case must depend upon the presumed intention of the parties to the two original deeds executed by Sherman's executor." *Id.* at 277, 384 A.2d 473. Citing *Hancock v. Henderson*, we said "the Court of Appeals noted that in order for there to be a right of way of necessity it must have been created by implication in the original division of the unitary tract into its dominant and servient estates." *Id.* In determining the time when the necessity arose, we relied upon *Oletsky*, 280 Md. at 356, 373 A.2d 1234, where the Court of Appeals said, "the date for determining whether a way of necessity was created by an implied reservation was that of the contract between the original parties. . . ." *Needham*, 39 Md.App. at 278, 384 A.2d 473.

There was no evidence produced or a finding by the trial court, in this case, that the properties of appellant and appellee were at any time a unitary tract of land. Appellee

produced no evidence to even suggest that the two tracts of land were ever one tract or, at the very least, treated as a single tract of land. There was also no evidence offered, nor a finding by the trial court, that the two parcels, at some point in time, belonged to the same person or that the two parcels were conveyed by a common grantor. As explained in *Hook, supra,* an easement by necessity can only arise out of the land granted or reserved and never over the land of a stranger. Without any evidence to indicate that the two tracts of land were ever a unitary tract, the trial court has granted appellee an easement over the land of a stranger. *See Hook,* 47 Md. at 310. The determination that the parcels were once a unitary tract of land and owned by a common grantor is critical to finding an implied easement by necessity. It is clear that the trial court erred in granting the easement, lacking any evidence that the two parcels were once one tract of land belonging to the same individual.

 Assuming, *arguendo,* there was evidence to suggest that the two parcels were once owned by the same person, appellee would nevertheless not be entitled to an easement by necessity. An implied easement is based upon the presumed *intention of the parties at the time of the grant or reservation. See Boyer, supra,* at 688, 484 A.2d 630 (emphasis added); *Feldstein v. Segall,* 198 Md. 285, 294, 81 A.2d 610 (1951) (If a way of necessity is not implied in the grant, it [c]annot be established by any subsequent necessity); *Henderson,* 236 Md. at 104, 202 A.2d 599 (the necessity must be determined from the conditions as they existed at the time of the conveyance). Necessity alone does not give rise to the easement, but merely serves as evidence of the parties' intention to grant an easement. *See Oletsky, supra,* at 361–62, 373 A.2d 1234. The standard of proof required to establish an implied easement is a *clear manifestation of the intent of the common grantor. Strathmeyer, supra,* at 198, 742 A.2d 946 (emphasis added).

In *Hancock v. Henderson,* the appellees, the Hendersons, were granted an easement over the property of appellants, the Hancocks, to access thirty-one acres of unimproved woodland,

which otherwise lacked access to a public road. 236 Md. at 99–100, 202 A.2d 599. The original owner of the unitary tract of land conveyed a portion in 1898, which the Hendersons came to own through a *mesne* conveyance. *Id.* at 100, 202 A.2d 599. The Hancocks became the owners of the remaining property of the original owner. *Id.* There was evidence that a road was in use across the property owned by the Hancocks in 1911 for the purpose of accessing a sawmill on the property now owned by the Hendersons. *Id.* The Hendersons were unable to establish that the road existed at the time the unitary tract was split in 1898. *Id.* Although the Hendersons became the owners of their property in 1948, they did not attempt to use the road until more than twelve years later, when they decided to improve the road in anticipation of building a dwelling on the property. *Id.* at 101, 202 A.2d 599.

The *Hancock* Court ultimately decided:

The Hendersons, as remote grantees, cannot create the way of necessity. If the way of necessity was not implied at the time of the grant in 1898, it cannot be established by a subsequent necessity. *Feldstein v. Segal[Segall]*, 198 Md. 285, 294, 81 A.2d 610; 28 C.J.S. Easements § 35 b. In other words, the necessity must be determined from the conditions as they existed at the time of the conveyance. In the first *Condry v. Laurie* case we held that a personal license in the deed did not negate a way of necessity, but the occasion for using the way was deferred until expiration of the license, the necessity having been in existence at the time of the grant.

*Id.* at 104–05, 202 A.2d 599.

Gerhardt Merkel, whose deposition was admitted into evidence in this case, stated that he had played on the property, which he conveyed to appellant, since his childhood. Merkel was born in 1925. Additionally, he stated that the parking pad at the rear of appellee's lot was installed in the 1960's by appellee's predecessor in interest, Rush. As we stated, *supra,* there is no evidence that the parcels were conveyed by the same person. Moreover, in order to find an easement by

necessity based upon the facts adduced, it must be assumed that the person granting the property to the Merkels, sometime prior to 1925, intended to reserve a right of way over the property conveyed to allow access to a parking pad that did not exist until some thirty-five years later. There is no support in the record for such a finding. The necessity, *i.e.*, appellee's ability to access the parking pad at the rear of her lot, did not exist—assuming there was a common grantor—at the time of the grant. Therefore, it was error to grant appellee an easement by necessity over appellant's property.

 Upon review of the record, it appears that, at best, there was once a license to use the driveway of appellant, granted to appellee's predecessor, by the Merkels. "The distinction between an easement and a mere license to use land is clear. While an easement implies an interest in land, a license is merely a personal privilege to do some particular act or series of acts on land without possessing any estate or interest therein." *Laurie,* 184 Md. at 320–21, 41 A.2d 66 (citing *Shipley v. Fink,* 102 Md. 219, 226, 62 A. 360 (1905)). The testimony from the Merkel deposition was that appellant's predecessors were given permission to use the driveway and that they installed the parking pad to park their car. A license 'ceases with the death of either party, and cannot be transferred or alienated by the licensee, because it is a personal matter, and is limited to the original parties to it.' *Zimmerman v. Summers,* 24 Md.App. 100, 110, 330 A.2d 722 (1975) (quoting *De Haro v. United States,* 72 U.S. (5 Wall.) 599, 627, 18 L.Ed. 681 (1866)).

 A license is also revocable at the pleasure of the party making it, and is instantly revoked upon sale of the land by the owner. *See De Haro,* 72 U.S. at 627. The foregoing authority concludes that any license granted by the Merkels ceased to exist when the fence was constructed in 1967 interfering with access to the parking pad. That interference operated as a revocation of the permission granted to use the driveway. Additionally, the sale of the property to appellee

brought about the immediate revocation of any license granted to her predecessors.

Because we conclude that the trial court erred, we shall reverse the order, insofar as it granted appellee an easement by necessity over the driveway of appellant. Additionally, because of our disposition of the first issue raised by appellant, we need not reach the second and third issues raised.

**JUDGMENT OF THE CIRCUIT FOR BALTIMORE CITY GRANTING APPELLEE AN IMPLIED EASEMENT OVER APPELLANT'S DRIVEWAY REVERSED.**

**COSTS TO BE PAID BY APPELLANT.**