Innerst v. York Water Company

*Arthur Markowitz* and *W. William Anderson,* for plaintiffs.

*William H. Kain,* for defendant.

BUCKINGHAM, J., February 3, 1966.—Plaintiffs, by this action in equity, seek to enjoin defendant from taking their land by condemnation proceedings. Defendant has filed nine preliminary objections to the complaint. Preliminary objections 1, 2, 3, 7 and 8 are in the nature of a motion to strike off, preliminary objection 9 is in the nature of a motion for a more specific pleading and preliminary objections 4, 5 and 6 are in the nature of a demurrer.

### MOTION TO STRIKE OFF

Preliminary objection 1 seeks to strike off paragraph VII (b) of the complaint on the ground that it alleges that defendant failed to secure prior Pennsylvania Public Utility Commission approval of the condemnation. Such prior approval is necessary where electric light, heat and power companies propose to condemn: Act of May 8, 1889, P. L. 136, sec. 4, added May 21, 1921, P. L. 1057, sec. 1, 15 PS §1182. However, plaintiffs cite no authority for their theory that this also applies to water companies. Therefore, this objection is well taken and will be sustained.

Preliminary objections 2 and 3 seek to strike off VII (e) and paragraph VIII of the complaint. Plaintiffs concede that these objections are well taken, and they will be sustained.

Preliminary objection 7 seeks to strike off paragraph III of the complaint on the ground that it alleges that plaintiffs *are* the owners of the property involved. Defendant's position is that plaintiffs *were* the owners of the property, but when defendant appropriated and condemned the land, defendant became the owner thereof. This may be true, but we deem the matter to be of little importance. If plaintiffs were the owners of the

property, this would empower them to bring this suit. This, we believe, is all they were attempting to show by alleging the ownership in the land. This preliminary objection, therefore, should be dismissed.

Preliminary objection 8 seeks to strike off paragraphs VII and X of the complaint. It has already been shown that subsections (b) and (e) of paragraph VII are to be stricken. Subsections (a), (c) and (d) of paragraph VII and paragraph X allege, in the alternative, that none of the land involved is needed for the conduct of defendant's business or that defendant has taken more of the land than is necessary for its business, and, therefore, the taking is unreasonable, capricious, without justification, in abuse of defendant's power of eminent domain and not for the public use and necessity. Defendant's position is that these are matters of opinion and conclusions of law. However, we believe these allegations are factual enough to stand. They express the theory of plaintiffs' action and help to apprise defendant of what it must defend against in this suit. It is hard to see how defendant is injured by permitting them to remain in the complaint. Defendant also objects to the statement in paragraph VII of the complaint that: "The Defendant has neither the power nor the right to appropriate the condemned property" on the ground that defendant cannot and would not condemn its own property. This harks back to the argument previously presented by defendant that when defendant appropriated the land, it became the legal owner thereof. As previously pointed out, this concerns a relatively unimportant point and, at best, involves an immaterial defect in pleading on the part of plaintiffs. This preliminary objection must, therefore, be dismissed.

### Motion For A More Specific Pleading

Preliminary objection 9 moves to require plaintiffs to more specifically plead, in paragraph IX of the com-

plaint, how and in what way the security offered by defendant is insufficient and objects to the failure of plaintiffs to attach a copy of defendant's security bond referred to in the complaint. Plaintiffs concede that this objection is well taken and agree that paragraph IX of the complaint should be stricken off. This preliminary objection, therefore, must be sustained.

## DEMURRER

Defendant, in preliminary objection 4, demurs to the complaint on the ground of laches. Defendant served its condemnation bond upon plaintiffs on July 12, 1963, but plaintiffs did not commence this action until October 15, 1965. Defendant contends that land values have risen in the interim, and plaintiffs would now likely secure a higher award from the board of viewers. However, damages for the property appropriated must be assessed as of the time of the original taking in 1963: Rosenblatt v. Pennsylvania Turnpike Commission, 398 Pa. 111 (1959), Act of June 22, 1964, P. L. 84, art. 6, sec. 602, 26 PS §1-602. Thus, defendant can show no harm by plaintiffs' delay in bringing suit, and unless prejudice can be shown, laches is ordinarily not applied, particularly, as here, where the matter is in the pleading stage only: Brodt v. Brown, 404 Pa. 391 (1961). This preliminary objection must, therefore, be dismissed.

Preliminary objection 5 demurs to the complaint on the ground that plaintiffs have failed to exhaust their statutory remedy at law in the proceedings before the board of viewers. However, the gist of plaintiffs' complaint is that defendant was not entitled to take any of plaintiffs' land, or, in the alternative, that it took more than was necessary for the conduct of its business. It must be conceded that a board of viewers has the power only to assess money damages for the taking of land and cannot make a determination as to how much land may be condemned. This decision is reserved only to a

court in equity. Obviously, therefore, plaintiffs' statutory remedy at law in the board of viewers is inadequate, and this preliminary objection must be dismissed.

Finally, preliminary objection 6 demurs to the complaint on the ground that only the Commonwealth may inquire into the propriety of defendant's exercise of its power of eminent domain and that, therefore, plaintiffs cannot sue in equity to enjoin the exercise of this power. This is not so. Plaintiffs have the right in equity to secure a judicial determination as to how much of their land is necessary for the proper use of defendant: Winger v. Aires, 371 Pa. 242 (1952), Sowicz v. Philadelphia Suburban Water Co., 9 D. & C. 2d 366 (Montgomery Co., 1956), Cheltenham Township v. Tookany Creek Land Development Company, 33 D. & C. 2d 662 (Montgomery Co., 1964). Defendant's position is that its taking of plaintiffs' entire property is not excessive, that it has the right to take additional land as is reasonably required by such plant extension as is necessary to enable it to furnish the public with an adequate supply of water, and that it has the right to condemn the lands overflowed by its reservoir together with a reasonable quantity of other land immediately adjoining and surrounding it. No one seriously disputes defendant's rights in this connection, but it is for a court in equity to determine whether, under all the circumstances, defendant's taking of all of plaintiffs' property was proper or excessive. This preliminary objection must, therefore, be dismissed.

In view of the foregoing, the following order is hereby entered:

And now, to wit, February 3, 1966, it is ordered, adjudged and decreed that preliminary objections 1, 2, 3, and 9 filed herein be and are hereby sustained and, accordingly, paragraph VII (b) and (e), paragraph VIII and paragraph IX of the complaint are hereby

stricken. Preliminary objections 4, 5, 6, 7 and 8 filed herein are hereby overruled and dismissed. Defendant is permitted to file an answer to the complaint within 20 days from the date hereof. An exception is granted to both parties.

Judge Shadle took no part in the consideration of this case.